AMERICAN PETROFINA COMPANY OF TEXAS, a Delaware corporation et al., Plaintiffs–Appellees,

v.

Odie A. NANCE, Robert L. Wadley and Don Kilpatrick, Members of the Oklahoma Tax Commission, Defendants–Appellants.

No. 86–2086.

United States Court of Appeals, Tenth Circuit.

Oct. 14, 1988.

Clyde A. Muchmore (Barbara Snow Gilbert and Harvey D. Ellis, Jr. with him on the brief), of Crowe & Dunlevy, Oklahoma City, Okl., for plaintiffs-appellees.

Douglas M. Stevens, Asst. Gen. Counsel (J. Lawrence Blankenship, Gen. Counsel and Donna E. Cox, First Asst. Gen. Counsel, on the brief), of the Oklahoma Tax Com'n, Oklahoma City, Okl., for defendants-appellants.

Before SEYMOUR, MOORE and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Plaintiffs-appellees are corporations engaged in the production of oil and gas within Oklahoma. They filed this action under 28 U.S.C. § 1331 in district court to challenge the constitutionality of the state's Uniform Disposition of Unclaimed Property Act, Okla.Stat.Ann. tit. 60, §§ 651–687 (1971), and its 1984 amendments, Okla.Stat.Ann. tit. 60, §§ 658.2–658.8 (Supp.1988). Defendants-appellants are members of the Oklahoma Tax Commission charged with administering and enforcing the laws.

Following a bench trial, the district court entered findings of fact and conclusions of law in accordance with Fed.R.Civ.P. 52(a). The trial judge, in a thorough opinion, upheld the Uniform Act, but declared the 1984 amendments violative of the United States Constitution's supremacy clause, U.S. Const. art. VI, cl. 2. *American Petrofina Co. v. Nance,* 697 F.Supp. 1183 (W.D.Okla.1986). The judge concluded that the federal common law established in *Texas v. New Jersey,* 379 U.S. 674, 85 S.Ct. 626, 13 L.Ed.2d 596 (1965), preempted the Oklahoma amendments' scheme for the custodial taking of unclaimed intangible property. 697 F.Supp. at 1186–88. From this conclusion, defendants appeal. Our review of this legal question is *de novo. Lujan v. Walters,* 813 F.2d 1051, 1058 (10th Cir.1987). We affirm.

### A.

Plaintiffs hold proceeds derived from unlocated owners' mineral interests situated in Oklahoma. The 1984 amendments require the plaintiffs to transfer the proceeds each year to the state tax commission. The commission places the monies in the Abandoned Mineral Interest Revolving Fund. The state treasurer then invests the monies to generate interest income for the state. After seven years, the monies are deemed abandoned and become subject to the strictures of the Uniform Disposition of Unclaimed Property Act.

### B.

■ Defendants first argue that the Tax Injunction Act, 28 U.S.C. § 1341, deprived the district court of jurisdiction to review plaintiffs' challenge. The law provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The Supreme Court has held that the Act prohibits the issuance of a declaratory judgment finding state tax laws unconstitutional. *California v. Grace Brethren Church,* 457 U.S. 393, 408, 102 S.Ct. 2498, 2507, 73 L.Ed.2d 93 (1982).

Nevertheless, defendants' characterization of the 1984 amendments as a tax measure is incorrect. The investment of the unclaimed monies admittedly produces state revenue. But the funds which the amendments direct the plaintiffs to transfer are *debts* their owners are entitled to collect. Oklahoma is merely using the money of others to generate revenue for itself. The law does not exact a tax. "The mere fact a statute raises revenue does not imprint upon it the characteristics of a law by which the taxing power is exercised." *State ex rel. Tindal v. Block,* 717 F.2d 874, 887 (4th Cir.1983), *cert. denied,* 465 U.S. 1080, 104 S.Ct. 1444, 79 L.Ed.2d 764 (1984).

■ Defendants' claim that the eleventh amendment of the United States Constitution also proscribed the district court's jurisdiction is equally incorrect. The eleventh amendment prohibits a plaintiff from instituting suit in federal court against an unconsenting state or its agencies. *Edwards v. Valdez,* 789 F.2d 1477, 1480 (10th Cir.1986). It does not bar a federal court from enjoining state officers' unconstitutional actions. *Ex parte Young,* 209 U.S. 123, 149–60, 28 S.Ct. 441, 449–54, 52 L.Ed. 714 (1908); *Edwards,* 789 F.2d at 1481.

In this case, plaintiffs obtained a preliminary injunction, Fed.R.Civ.P. 65, to prevent defendants, individual members of the Oklahoma Tax Commission, from enforcing the 1984 amendments. The trial judge's declaratory judgment, 28 U.S.C. § 2201, had the effect of permanently restraining

the defendants consistent with the eleventh amendment.

Defendants next maintain that, although the plaintiffs may have properly invoked the district court's subject matter jurisdiction, the court should have abstained on the rationale of *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). *Burford* established the guidelines under which a federal court may decline to exercise jurisdiction over a local problem arising from a state regulatory scheme. Courts of equity should "avoid needless obstruction of the domestic policy of the states." *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 298, 63 S.Ct. 1070, 1073, 87 L.Ed. 1407 (1943).

Still, abstention is the exception, not the rule. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). Federal courts have recognized that *Burford* abstention is inappropriate where a preemption claim is well-founded. *E.g.*, *Kentucky West Virginia Gas Co. v. Pennsylvania Pub. Util. Comm'n*, 791 F.2d 1111, 1114–16 (3d Cir.1986); *International Bhd. of Elec. Workers v. Public Serv. Comm'n*, 614 F.2d 206, 212 n. 1 (9th Cir.1980). "In such cases, the basic premise of abstention—avoiding needless federal court intervention into important matters within the state's jurisdiction to regulate—obviously is lacking." *Aluminum Co. v. Utilities Comm'n*, 713 F.2d 1024, 1030 (4th Cir.1983), *cert. denied*, 465 U.S. 1052, 104 S.Ct. 1326, 79 L.Ed.2d 722 (1984). Because the trial judge in this instance properly held that the 1984 amendments were preempted, he did not err in refusing to abstain.

Defendants' attempt to undermine the district court's substantive holding must similarly fail. We have studied the record and are in substantial agreement with the court's findings and conclusions on the preemption issue. A lengthy discussion is unwarranted, for the district court's reasoning is in accord with our views. Suffice it to say that, to ensure ease of administration and the free flow of commerce, the Supreme Court in *Texas v. New Jersey*, 379 U.S. at 680–83, 85 S.Ct. at 630–32, limited the states' power to take custody of unclaimed intangible property. *See also Western Union Telegraph Co. v. Pennsylvania*, 368 U.S. 71, 79–80, 82 S.Ct. 199, 203–04, 7 L.Ed.2d 139 (1961) (state is without power to provide a rule to settle an interstate escheat controversy). The scheme at issue here, Okla.Stat.Ann. tit. 60, §§ 658.2–658.8 (Supp.1988), conflicts with the decision's holding. *See Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 314, 75 S.Ct. 368, 370, 99 L.Ed. 337 (1955) ("States can no more override [federal] judicial rules validly fashioned than they can override Acts of Congress").

Accordingly, the judgment of the district court is AFFIRMED.