**Alton DISHON**

v.

**MAINE STATE RETIREMENT SYSTEM.**

Supreme Judicial Court of Maine.

Argued Jan. 18, 1990.
Decided Feb. 8, 1990.

Wakine G. Tanous (orally), G. Bradley Snow, Tanous & Snow, East Millinocket, for plaintiff.

Polly Haight Frawley (orally), Gregory W. Sample, Asst. Attys. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

In this case we decide that the Maine State Retirement System's practice of reducing disability retirement benefits by the amount of workers' compensation and social security disability benefits, but not making the same reduction in the case of ordinary retirement benefits, does not violate the equal protection clause. The plaintiff's other arguments have not been properly preserved for appellate review. We therefore affirm the judgment of the Superior Court (Penobscot County, *MacInnes, A.R.J.*) upholding the decision of the Board of Trustees of the Maine State Retirement System.

As a result of a work-related injury, the plaintiff is entitled to disability retirement benefits from the Maine State Retirement System. According to statutory requirements, his workers' compensation and social security disability benefits are subtracted from the amount of his state disability benefits. *See* 5 M.R.S.A. § 1122(5–A) (1979). An injured worker who qualifies for ordinary state retirement benefits from the System instead of disability retirement benefits would suffer no such reduction. *See* 5 M.R.S.A. §§ 1095, 1122 (1979). This distinction, the plaintiff claims, violates the equal protection clause of the United States and Maine Constitutions.

■ Unless a suspect classification such as race or a fundamental interest, such as the right to vote, is involved, an equal protection challenge to a difference in treatment requires a showing that the state's classification is arbitrary or irrational. *Beaulieu v. City of Lewiston*, 440 A.2d 334, 338 (Me.1982); *see also Schweiker v. Wilson*, 450 U.S. 221, 230, 238–39, 101 S.Ct. 1074, 1080, 1084–85, 67 L.Ed.2d 186 (1981).

A difference in treatment is constitutional "if facts may be reasonably conceived to justify the distinction." *McNicholas v. York Beach Village Corp.*, 394 A.2d 264, 269 (Me.1978). Here, the Maine Legislature could reasonably conclude that state disability retirement benefits amount to long-term wage replacement for a disabled worker (terminating with the end of the disability) and, as such, serve the same purpose as workers' compensation and social security disability benefits. In the interests of controlling the cost of such benefits and encouraging the disabled worker to return to productive work, it is not unreasonable to prevent the stacking of such benefits when one individual qualifies for all three programs. The Legislature could also conclude that ordinary retirement benefits do not fill the same role as disability benefits, but represent a form of entitlement deriving from the employee's years of work. *See* 5 M.R.S.A. § 1095 (1979) [1]. More years of service are required to qualify for ordinary retirement benefits than for disability retirement benefits. *See* 5 M.R.S.A. §§ 1095, 1122 (1979). They may be elected voluntarily, and have nothing to do with disability. It was rational, therefore, for the Legislature to decide that workers' compensation and social security disability benefits need not be subtracted from ordinary retirement benefits. We do not mean to suggest that this is the only manner in which the Legislature could allocate scarce resources nor even that this is necessarily the fairest, but we cannot say that it is arbitrary or irrational. We find, therefore, no violation of equal protection.

■ Since the other issues the plaintiff attempts to raise were not presented to the Board of Trustees of the Maine State Retirement System, they have not been preserved for appellate review. *See New England Whitewater Center, Inc. v. Department of Inland Fisheries and Wildlife*, 550 A.2d 56, 58 (Me.1988). There are no

---

1. An individual receiving disability retirement benefits continues to accrue membership service credit. *See* 5 M.R.S.A. § 1122 (1979). When the combination of an individual's average final compensation, age and creditable service produces ordinary retirement benefits greater than the disability retirement benefits, disability retirement benefits are terminated. *See* M.R.S.A. § 1122 (1979).

exceptional circumstances here to avoid application of this principle. *See Teel v. Colson*, 396 A.2d 529, 534 (Me.1979).

The entry is:

Judgment affirmed.

All concurring.