**Wilbur RICKETT**

v.

**WILLIAM UNDERWOOD CO.**

Supreme Judicial Court of Maine.

Argued Oct. 4, 1990.

Decided Oct. 18, 1990.

---

Matthew J. Monaghan (orally), Monaghan, Leahy, Hochadel & Libby, Portland, for appellant.

Donald F. Fontaine (orally), Portland, for appellee.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

McKUSICK, Chief Justice.

The employer, William Underwood Company, appeals from an affirmance by the Appellate Division of the Workers' Compensation Commission of an award to the employee, Wilbur Rickett, of partial incapacity benefits for the period from September 1, 1988, the date on which the employee retired, to the present and continuing. The employee cross-appeals from the Appellate Division's reversal of an award to the employee of partial incapacity benefits from January 1, 1985, to September 1, 1988. The central question on both the appeal and the cross-appeal is whether the hearing commissioner had competent evidence to support his finding of a 10% diminution in earning capacity in both periods. Because we find that he did, we affirm the Appel-

late Division's decision as to the award for the period after the employee's retirement on September 1, 1988, and vacate its reversal of the award for the pre-retirement period.

The employee worked for the employer for forty-six years, the last ten years as a yard spotter, responsible for directing and moving trucks around in the yard. In 1982 he sustained a crush injury to his dominant right hand, as a result of which he required surgery in 1985. Over the next few years he suffered residual weakness and pain in his right hand and was unable to perform all the tasks necessary to his job. He continued to work, however. In keeping with its policy of accommodating injured employees as much as possible, the employer provided the employee with assistance in his job whenever he asked for it. The employee finally retired on September 1, 1988.

■ Thereafter the employee filed a petition for restoration and, following a hearing, a workers' compensation commissioner awarded the employee 10% partial disability from January 1, 1985, to the present and continuing.[1] The employer appealed to the Appellate Division, which reversed the partial disability award for the period prior to September 1, 1988. The present appeal and cross-appeal followed.

The hearing commissioner found as a fact that the employee has been restricted since at least January 1, 1985, against heavy and repetitive use of his right hand. He also found that the employee's pre-retirement wages were not determinative of his earning capacity. Although there is some dispute in the record as to the employee's pre-injury and post-injury wages, the comparison of those earnings is only one factor for the hearing commissioner to consider in determining whether the employee suffered a diminished earning capacity. *See Severy v. S.D. Warren Co.*, 402

---

1. Under 39 M.R.S.A. § 55–B (Supp.1989) (eff. Nov. 20, 1987), payments for partial incapacity "shall not continue for longer than 400 weeks after maximum medical improvement." Under 39 M.R.S.A. § 62–B (1989) (eff. Nov. 20, 1987), payments for partial incapacity will be reduced

581 A.2d—11

if the employee is also receiving benefits under the United States Social Security Act or an employee benefit plan provided by the employer. Neither of these provisions applies to the case at bar because the employee's injury occurred before the effective date.

A.2d 53, 55 (Me.1979). That comparison is not crucial to the outcome here; even with no loss of wages, there may be diminished earning capacity. *Id.* Because there is ample evidence in the record to support the hearing commissioner's finding of a 10% diminished earning capacity in the pre-retirement period, the award for that period should have been affirmed by the Appellate Division. *See DeRoche v. Bangor Roofing & Sheet Metal Co.,* 411 A.2d 1026, 1027 (Me.1980).

■ As to the post-retirement benefits, the employer argued before the administrative agency and again before us that the employee retired voluntarily and not because of his 1982 injury, and that consequently any diminution of the employee's earning capacity after September 1, 1988, was not caused by the 1982 injury. We need not decide the correctness of the employer's premise that the employee's withdrawal from the labor market for reasons unconnected with his work-related injury would cut off his right to continue to receive partial workers' compensation benefits. In the case at bar the hearing commissioner found that one of the reasons the employee retired was his right hand injury with its resulting symptoms and restrictions. That factual finding is amply supported by evidence in the record, and this court will not disturb it on appeal. The Appellate Division correctly affirmed the post-retirement award.

The entry is:

Vacate the Appellate Division's decision reversing the award of partial incapacity benefits from January 1, 1985, to September 1, 1988, and remand with instructions to affirm that award. Affirm the Appellate Division's decision in all other respects.

It is further ordered that the employer pay to the employee $750 for his attorney fees plus his reasonable out-of-pocket expenses for this appeal.

All concurring.