**Murray W. BUTLER, et al., Plaintiffs,**

v.

**STATE OF MAINE SUPREME JUDICIAL COURT, et al., Defendants.**

**Civ. No. 91–0054 P.**

United States District Court, D. Maine.

Feb. 15, 1991.

David A. Soley, Portland, Me., for plaintiffs.

William R. Stokes, Asst. Atty. Gen., Augusta, Me., for defendants.

---

## MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

GENE CARTER, Chief Judge.

Plaintiffs in this action challenge an administrative order promulgated by the Maine Supreme Judicial Court. *See* Administrative Order SJC–321 (January 30, 1991). The order, which became effective on February 1, 1991, imposes a jury fee in the amount of $300.00 in most cases in Maine state court in which a trial by jury is demanded.[1] Plaintiffs allege that the order violates several provisions of both the Maine and United States Constitutions.

▮▮▮ Plaintiffs must satisfy four criteria to succeed on their application for a temporary restraining order:

(1) that Plaintiffs will suffer irreparable injury if the temporary restraining order is not granted;

(2) that such irreparable injury outweighs any harm which granting the temporary restraining order would impose on Defendants;

(3) that Plaintiffs have exhibited in its filings a likelihood of success on the merits of its claims; and

(4) that the public interest will not be adversely affected by the issuance of a temporary restraining order.

*Planned Parenthood League v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir.1981). The Court finds that Plaintiffs have not exhibited a likelihood of success on the merits with respect to their challenges to the Administrative Order. The Court, therefore, will deny Plaintiffs' motion for a temporary restraining order.

The Court concludes that, on the present record, Plaintiffs have failed to demonstrate a likelihood of success on their claim that Administrative Order SJC–321 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.[2] Plaintiffs concede that the Court's review under the federal Equal Protection clause is governed by the rational basis test, not strict scrutiny. *See* Plaintiffs' Memorandum in Support of Their Motion for a Temporary Restraining Order and a Preliminary Injunction at 4. Pursuant to the rational basis standard, the classification created by the administrative order will be upheld if the

> "means are rationally related to a legitimate government purpose." ... [I]n general, legislative classifications are "presumed to be valid." If such a classification "has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.'"

*Boyle v. Burke*, 925 F.2d 497, 503 (1st Cir.1991) (citations omitted).

▮▮▮ The Court infers a legitimate purpose for Administrative Order SJC–321, *i.e.*, to defray the expenses incurred by the Maine state courts in conducting civil jury trials. Plaintiffs have not presented an evidentiary predicate sufficient to support a conclusion that the means chosen to achieve that end have no rational basis.[3]

---

1. A copy of the order is attached as Appendix I.

2. Plaintiffs' memorandum in support of their motion for a temporary restraining order advances only one federal claim based on equal protection. Plaintiffs' complaint includes a federal due process claim which the Court does not consider for this motion. The Court intimates no opinion on Plaintiffs' likelihood of success should they return wielding that claim.

3. Plaintiffs allege, but do not support with any submission of evidentiary quality, that the funds generated by the fee are payable to the state's general fund, not directly to the court system. The Court cannot grant a temporary restraining order on the strength of unsupported allegations.

Plaintiffs also assert that revenues generated by the jury demand fee will be vastly disproportionate to the actual costs of conducting civil jury trials in Maine. The only support Plaintiffs offer for that proposition is found in the affidavit of Roger J. Katz, the president of the Maine Trial Lawyers Association. The Court acknowledges that affidavits supporting a motion for a temporary restraining order are not held to the same standards as those applicable to a motion for summary judgment. *See* 11 C. Wright and A. Miller, Federal Practice and Procedure § 2949, at 470–71. The statements of Affiant Katz, however, rely heavily on hearsay statements of state officials and judges, and, in any event, the figures Katz sets forth are problematic. Given these deficiencies, the Court is unable

Plaintiffs also argue that the Administrative Order offends various provisions of the Constitution of the State of Maine. Without expressing any opinion as to the merits of those claims, the Court concludes that Plaintiffs have not demonstrated that their state constitutional claims are likely to survive the jurisdictional bars posed by the Eleventh Amendment to the United States Constitution. *See Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984); *Cuesnongle v. Ramos,* 835 F.2d 1486, 1497 (1st Cir.1987) ("There are two options for a post-*Pennhurst* plaintiff who wishes to bring a claim for injunctive relief against state officials under alternative federal and state theories: either to litigate both the federal and state claims in state court, or to bifurcate the litigation so that the state claims are heard in state court and the federal claims are heard in federal court.").

Accordingly, Plaintiffs' motion for a temporary restraining order is hereby DENIED.

SO ORDERED.

### APPENDIX I

State of Maine

Supreme Judicial Court

Docket No. SJC–321

ADMINISTRATIVE ORDER

Effective February 1, 1991

It is hereby ordered that in all civil actions in which a trial by jury is demanded, a jury fee in the amount of $300.00 is payable as follows:

1. In any pending action in which a Pretrial Scheduling Statement has not been filed pursuant to M.R.Civ.P. 16(b) and in all civil actions filed on or after the effective date of this Order the jury fee shall be paid upon the filing of a Pretrial Scheduling Statement.

2. In all pending actions assigned to the jury list pursuant to M.R.Civ.P. 16(c)(2) in which a Report of Conference of Counsel has not been filed, the jury fee shall be paid upon the filing of the Report of Conference of Counsel.

3. In all pending actions assigned to the regular pretrial list pursuant to M.R.Civ.P. 16(d) the jury fee shall be paid upon the filing of the plaintiff's pretrial memorandum or within ten days of the pretrial conference held pursuant to M.R.Civ.P. 16(f) in those matters in which the parties' memoranda have previously been filed.

4. In any pending action which appears on a trial list previously published by the clerk and scheduled to commence trial no later than March 1, 1991, no fee is payable, except as follows:

a. Any case continued on motion of any party in which trial is not commenced prior to March 1, 1991;

b. Any case where a party requests protection and trial is not commenced prior to March 1, 1991;

c. Any case which appears on a trial list previously published by the clerk but which is not reached for trial before March 1, 1991;

d. The fee shall be payable under paragraphs 4(a), (b) and (c) not less than 24 hours before jury selection or no later than March 15, 1991, whichever is earlier.

5. In all other pending actions in which a trial by jury has been demanded, the jury fee is payable on or before February 15, 1991.

6. In the event that the jury fee is not paid as set forth above, notwithstanding any other requests, the parties shall be deemed to have waived trial by jury.

7. The civil jury fee is payable by the plaintiff. In any action with more than one plaintiff the fee shall be apportioned among them. The plaintiff may waive jury in writing in any action. If any other party demands trial by jury in writing within 5 days of the plaintiff's written waiver, the fee is payable by that party upon filing the demand for jury trial.

8. The jury fee may be recoverable by the prevailing party as a cost of the action.

to conclude that the fees generated by Administrative Order SJC–321 are so over-inclusive or disproportionate as to render the Order unconstitutional.

**40**

9. In the event that the plaintiff or other party is proceeding *in forma pauperis* pursuant to M.R.Civ.P. 91 or is otherwise indigent, the court may upon written motion waive payment of the fee, order payment by another party, or apportion payment among the parties.

This Order shall be recorded in the *Maine Reporter.*

Dated: January 30, 1991
          (s) Vincent L. McKusick
          Vincent L. McKusick,
          Chief Justice
          (s) David G. Roberts
          David G. Roberts
          (s) Daniel E. Wathen
          Daniel E. Wathen
          (s) Caroline D. Glassman
          Caroline D. Glassman
          (s) Robert W. Clifford
          Robert W. Clifford
          (s) Samuel W. Collins
          Samuel W. Collins, Jr.
          (s) Morton A. Brody
          Morton A. Brody