Murray W. BUTLER, et al., Plaintiffs,

v.

STATE OF MAINE SUPREME JUDICIAL COURT, et al., Defendants.

No. 91–0054–P.

United States District Court, D. Maine.

July 10, 1991.

■■■■■■■■

Patricia A. Peard, David Soley, Bernstein, Shur, Sawyer & Nelson, Richard L. O'Meara, Murray, Plumb & Murray, Portland, Me., for plaintiffs.

Thomas Warren, Depty. Atty. Gen., William R. Stokes, Asst. Atty. Gen., Augusta, Me., for defendants.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Chief Judge.

This matter comes before the Court on Defendants' Motion to Dismiss and Plaintiffs' Cross–Motion for Summary Judgment. The Court need not reach Plaintiffs' Motion for Summary Judgment. This Court is without subject matter jurisdiction over Plaintiffs' claims and, therefore, will dismiss this case.

Plaintiffs are a group of plaintiffs who have demanded jury trials in civil litigations in Maine's state courts. Defendant State of Maine Supreme Judicial Court (hereinafter SJC)[1] promulgated Administrative Order No. SJC–321 (hereinafter Administrative Order), which became effective on February 1, 1991, requiring plaintiffs in most cases in Maine state courts in which a jury trial is demanded to pay a $300 nonrefundable jury fee.[2] Failure to pay the fee constitutes a waiver of the right to a jury trial. Plaintiffs allege that the Administrative Order offends several provisions of the Maine and United States Constitutions. Defendant SJC, in addition to arguing the facial insufficiency of Plaintiffs' claims, asserts that this Court is without subject matter jurisdiction by virtue of the Tax Injunction Act (hereinafter Act). 28 U.S.C. § 1341.

The Act reads in full:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341.[3] The Supreme Court has made clear the reasoning which supports this policy of federal noninterference with state tax regimes:

If federal injunctive relief were available, "state tax administration might be thrown into disarray, and taxpayers might escape the ordinary procedural requirements imposed by state law. During the pendency of the federal suit the collection of revenue under the challenged law might be obstructed, with consequent damage to the State's budget, and perhaps a shift to the State of the risk of taxpayer insolvency. Moreover, federal constitutional issues are likely to turn on questions of state tax law, which, like issues of state regulatory law, are more properly heard in the state courts."

*Rosewell v. La Salle National Bank,* 450 U.S. 503, 527, 101 S.Ct. 1221, 1236, 67 L.Ed.2d 464 (1981) (quoting *Perez v. Ledesma,* 401 U.S. 82, 127 n. 17, 91 S.Ct. 674, 698 n. 17, 27 L.Ed.2d 701 (1971) (Brennan, J., concurring in part and dissenting in part)).

Plaintiffs make two arguments in their effort to escape the Act's broad sweep: (1) the Administrative Order does not impose a "tax under state law," and (2) Defendant SJC, as the court of final appeal in Maine, should not be permitted to adjudicate a case in which it is a litigant. In support of their first argument, Plaintiffs assert that Defendant SJC is without authority under

---

**1.** The Chief Justice and Associate Justices of the Supreme Judicial Court are also Defendants in this matter. For convenience, this opinion will refer to all Defendants collectively as the SJC.

**2.** This Court earlier issued a Memorandum of Decision and Order Denying Plaintiffs' Motion for a Temporary Restraining Order. The full text of the Administrative Order was attached as Appendix I to that opinion. *See Butler v. State of Maine Supreme Judicial Court,* 758 F.Supp. 37 (D.Me.1991) (Carter, C.J.).

**3.** Plaintiffs do not dispute the applicability of the Act to declaratory judgment actions. *See California v. Grace Brethren Church,* 457 U.S. 393, 408, 102 S.Ct. 2498, 2507, 73 L.Ed.2d 93 (1982).

the Maine Constitution to impose a tax. Plaintiffs also remind the Court that Defendant SJC has denied in other proceedings[4] that the Administrative Order imposes a tax. Nonetheless, labels applied either by state law or litigants are not dispositive. "[T]he meaning of the term 'tax under state law' as used in § 1341 is a matter of federal law," *Crane v. Commissioner of Department of Agriculture, Food and Rural Resources*, 602 F.Supp. 280, 282 n. 3 (D.Me.1985) (Cyr, C.J.), which should be determined by reference to the policies underlying the Act. *Robinson Protective Alarm Co. v. City of Philadelphia*, 581 F.2d 371, 374 (3d Cir.1978).

While the Court of Appeals for the First Circuit has not yet spoken on the definition of "tax under state law," there is wide agreement among other circuits. Assessments which are imposed primarily for revenue-raising purposes are "taxes," while levies assessed for regulatory or punitive purposes, even though they may also raise revenues, are generally not "taxes." *See American Petrofina Co. v. Nance*, 859 F.2d 840, 841 (10th Cir.1988); *Wright v. McClain*, 835 F.2d 143, 144–45 (6th Cir. 1987); *Miami Herald Publishing Co. v. City of Hallandale*, 734 F.2d 666, 670 (11th Cir.1984); *Schneider Transport, Inc. v. Cattanach*, 657 F.2d 128, 132 (7th Cir. 1981), *cert. denied*, 455 U.S. 909, 102 S.Ct. 1257, 71 L.Ed.2d 448 (1982); *Mobil Oil Corp. v. Tully*, 639 F.2d 912, 918 (2d Cir.), *cert. denied*, 452 U.S. 967, 101 S.Ct. 3123, 69 L.Ed.2d 981 (1981); *Robinson Protective Alarm Co.*, 581 F.2d at 376; *Tramel v. Schrader*, 505 F.2d 1310, 1314–15 (5th Cir. 1975). *Cf. South Carolina ex rel. Tindal v. Block*, 717 F.2d 874, 887 (4th Cir.1983) (defining "tax" in the context of the federal Constitution's assignment of the taxing power), *cert. denied*, 465 U.S. 1080, 104 S.Ct. 1444, 79 L.Ed.2d 764 (1984).

There is no question that the $300 jury fee fits comfortably within this definition of a "tax" under section 1341. One of the foundations for Plaintiffs' claims. is their allegation that the fees collected will be funneled into Maine's general fund, rather than being applied directly to the costs of jury trials. *See* Complaint at ¶¶ 29–33, 43, 47, 51, 55, 57, 62, 63, 64, 72 (Docket No. 1). *See also* Plaintiffs' Statement of Material Facts As To Which There is No Genuine Issue at ¶¶ 16 ("All revenue received from the Administrative Order goes to the State of Maine General Fund"), 17 ("The revenues raised by the Administrative Order are not dedicated to paying for the cost of civil jury trials") (Docket No. 25). In sum, the fees are clearly being imposed for general revenue-raising purposes. The Administrative Order imposes a "tax under state law" as that phrase is used in 28 U.S.C. section 1341.[5]

Plaintiffs' second argument—that Defendants should not be permitted to serve as judges in their own case—appears to be an allegation that Maine's state courts cannot provide Plaintiffs with a "plain, speedy and efficient remedy" in this case. The availability of a full hearing and judicial determination of the controversy is sufficient to satisfy the plain, speedy, and efficient remedy required by section 1341. *Rosewell*, 450 U.S. at 513–14, 101 S.Ct. at 1229–30. Plaintiffs have made no showing that they have been or will be deprived of a full and fair opportunity to vindicate their rights in state court. In fact, Plaintiffs are already pursuing a separate action in state court. The Court has no basis for concluding that a plain, speedy, and efficient remedy is not available to Plaintiffs in Maine's state courts.

The fact that Defendant SJC will be the ultimate avenue for appeal in any state case challenging the Administrative Order does nothing to alter the Court's conclusion

---

4. After this Court's denial of their motion for a temporary restraining order, Plaintiffs brought a separate action in state court pressing several state constitutional claims.

5. The Court wishes to make abundantly clear that it offers no opinion on the status of the jury trial fee *under state law*. The Court's determination that the fee constitutes a "tax" is nothing more or less than the interpretation of one federal law: 28 U.S.C. section 1341. The responsibility for deciding whether that determination bears any relevance to the construction of Maine's Constitution or laws lies with Maine's state courts.

**20**

that an adequate remedy is available in Maine's state courts. First, the Maine Supreme Judicial Court, sitting in its appellate capacity as the Maine Law Court, is capable of giving a full, impartial, speedy, and efficient hearing to the issues in this case. *See, e.g., North School Congregate Housing v. Merrithew,* 558 A.2d 1189 (Me. 1989) (finding a Maine civil procedure rule promulgated by the SJC to be unconstitutional); *Ela v. Pelletier,* 495 A.2d 1225 (Me.1985) (same). Second, Plaintiffs may seek a final review by the United States Supreme Court should they conclude that Defendants either were not capable of impartiality in this case or reached an incorrect conclusion on the import of Plaintiffs' federal constitutional rights. *Fair Assessment in Real Estate Association v. McNary,* 454 U.S. 100, 116, 102 S.Ct. 177, 186, 70 L.Ed.2d 271 (1981). Plaintiffs are assured of a fair and reasoned consideration of their constitutional claims both at the trial court level and, if necessary, on appeal. The Court concludes, therefore, that 28 U.S.C. section 1341 applies to this case and deprives this Court of jurisdiction over Plaintiffs' claims.

Accordingly, the Court hereby GRANTS Defendants' Motion to Dismiss for lack of subject matter jurisdiction.

So ORDERED.