**Murray W. BUTLER, et al.**

v.

**SUPREME JUDICIAL COURT, et al.**

Supreme Judicial Court of Maine.

Argued June 17, 1992.
Decided Aug. 12, 1992.

David A. Soley (orally), Bernstein, Shur, Sawyer, Sawyer & Nelson, Portland, for plaintiffs.

William R. Johnson (orally), Asst. Atty. Gen., Augusta, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

RUDMAN, Justice.

The plaintiffs appeal from the judgment of the Superior Court (Cumberland County, *Brodrick, J.*) granting summary judgment on all counts of the amended complaint in favor of the defendants and upholding the constitutionality of Administrative Order SJC–321 that imposes a $300 fee in any civil case in which trial by jury is demanded. The plaintiffs argue that the $300 jury fee violates the principle of separation of powers because it constitutes a tax imposed by the judiciary and violates the plaintiffs' constitutional rights to a civil jury trial, equal protection under law, and due process. Because we find the charge to be a proper fee and not in contravention of any constitutional provision, we affirm the judgment.

The plaintiffs are fourteen individuals who were litigants in cases pending in the Superior Court on January 30, 1991 when the Supreme Judicial Court promulgated SJC–321, providing "that in all civil actions in which a trial by jury is demanded, a jury fee in the amount of $300 is payable ..." Me.Rptr., 576–588 A.2d CXXXV–CXXXVI. In the event the jury fee is not paid as required, the parties are deemed to have waived trial by jury. *Id.* The order makes provision for the payment of the fee in all new cases and in all pending cases except those whose trial was previously scheduled to commence before March 1, 1991 (with some exceptions). The fee is to be paid by a party who demands a jury and may be recovered as a cost of the action if that party prevails. Parties proceeding *in forma pauperis* or who are "otherwise indigent" may move for waiver or apportionment of the fee or for an order requiring another party to pay the fee. The fee may be apportioned among several plaintiffs.

On February 19, 1991, the plaintiffs commenced suit in the Superior Court against the Supreme Judicial Court, and in their official capacities, its seven members who signed the order.[1] The plaintiffs alleged that they desired to have their pending cases presented to a jury but the jury fee created a financial hardship for them. The plaintiffs requested a declaration that the fee is unconstitutional and sought an injunction against its enforcement.[2]

On cross motions for summary judgment, the court decided that the jury fee did not violate the plaintiffs' rights to equal protection or due process using the "rational basis" standard of review for laws that do not implicate fundamental rights, decided that the fee did not violate the principle of separation of powers because it was a "fee" and not a "tax," and decided that the fee did not infringe plaintiffs' right to a

---

[1] The justices of the Supreme Judicial Court who signed the order were McKusick, C.J., Roberts, Wathen, Glassman, Clifford, Collins, and Brody, JJ.

[2] Plaintiffs also filed a similar suit in United States District Court. The Court (*Carter, C.J.*) dismissed the case on the defendants' motion for lack of subject matter jurisdiction. *Butler v. State of Maine Supreme Judicial Court,* 767 F.Supp. 17 (D.Me.1991).

jury trial. Plaintiffs filed a timely appeal to the Law Court.

## I.

### Fee or Tax?

Plaintiffs argue that the jury fee is in reality a "general revenue tax" imposed by the judiciary in violation of the principle of separation of powers contained in the Maine Constitution.[3] We reject their argument.

■■■ Because both a fee and a tax raise monies for governmental use, the distinction between the two is one of purpose and of degree of particularity. In the case of licensing fees, for example, we have recognized that fees "are part of a regulatory scheme and are intended to cover costs of administering such a program under the police power of the government." *Strater v. Town of York*, 541 A.2d 938, 938 (Me.1988). Other features that may distinguish fees from more general revenue raising devices are that fees are paid in exchange for exclusive benefits not received by the general public and are voluntary in the sense that an individual may avoid the charge by choosing not to utilize the service. *Emerson College v. City of Boston*, 391 Mass. 415, 462 N.E.2d 1098, 1105 (1984). In addition, the amount of the fee is usually a fair approximation of the cost to the government and the benefit to the individual of the services provided. *See United States v. Maine*, 524 F.Supp. 1056, 1059 (D.Me.1981).[4]

■■■ There is no question that the civil jury fee, instituted by the Court to partially defray the cost of providing civil jury trials, is voluntary. Each litigant voluntarily decides whether to demand a jury trial and thus incur the fee.

Furthermore, the figures offered in this case support the defendants' contention that revenues anticipated from the fee are proportionate to the expense of operating the civil jury trial system. The plaintiffs argue, however, that an individual litigant may not, and frequently does not, incur $300 of expense to the system because most litigants do not actually utilize a jury trial. The plaintiffs concede that a litigant's civil jury demand imposes some expense to the system even though the litigant may not actually go to trial. Once a litigant has paid the $300, the litigant is entitled to a civil jury of whatever length is necessary to resolve the dispute. It would be impractical to require that each litigant gain exactly $300 of benefit. *Joslin v. Regan*, 63 A.D.2d 466, 406 N.Y.S.2d 938, 942 (1978), *aff'd*, 48 N.Y.2d 746, 422 N.Y.S.2d 662, 397 N.E.2d 1329 (1979). If a litigant actually utilizes the services of the jury requested, that litigant cannot be heard to complain that the actual cost to the system for the service exceeds the $300 fee. That litigants do not receive a refund when they choose not to present their cases to a jury does not make the fee a tax.

## II.

### Right to Jury Trial

■■■ The plaintiffs argue that the jury fee is an unreasonable restriction on the right to a civil jury trial[5] because payment

---

3. The constitutional principle of separation of powers is found in Me. Const. art. III, § 2, which states that members of one of the branches of government may not "exercise any of the powers properly belonging to either of the others, except in cases herein expressly directed or permitted." All bills to raise general revenue must originate in the House of Representatives. Me. Const. art. IV, pt. 3, § 9.

4. Plaintiffs erroneously rely on the opinion in this case filed in the United States District Court as authority to support their contention that the fee is a tax. *See Butler*, 767 F.Supp. 17. The court found that the jury fee was a "tax" within the meaning of 28 U.S.C. § 1341, *id.* at 20, but

wished "to make it abundantly clear that it offer[ed] no opinion on the status of the jury trial fee [as a tax] *under state law.*" *Id.* at 19 n. 5 (emphasis in original). The issue before us is the status of the charge under state law.

5. Article I, section 20, of the Maine Constitution provides:

In all civil suits, and in all controversies concerning property, the parties shall have a right to a trial by jury, except in cases where it has heretofore been otherwise practiced; the party claiming the right may be heard by himself or herself and with counsel, or either, at the election of the party.

is required long before the costs of a jury are incurred, the fee raises more funds than are necessary to provide jury trials, and the fee proceeds are deposited in the General Fund where they can be used to meet any other expenses incurred by the state. Because none of these contentions has merit, we conclude that the fee does not violate Plaintiffs' constitutional right to a jury trial.

The overwhelming majority of states, including Maine, have held that the constitutional right to a civil jury trial may be made subject to the assessment of a reasonable fee. *See* Annotation, *Validity of Law or Rule Requiring State Court Party Who Requests Jury Trial in Civil Case to Pay Costs Associated with Jury*, 68 A.L.R.4th 343 (1989), and cases cited therein. In 1872, this court upheld the constitutionality of a refundable $7 jury fee payable in the Superior Court in Cumberland County. *Randall v. Kehlor*, 60 Me. 37, 44–45 (1872); see also P.L.1869, ch. 151, § 6.[6] The court recognized, however, that a fee that is so unreasonably burdensome as to amount to a prohibition of a civil jury would be an unconstitutional infringement on the right to a civil jury trial. *Randall*, 60 Me. at 44. Because civil litigants in Maine have enjoyed free jury trials for over a century since *Randall*,[7] we have not had the occasion to revisit the issue.

The plaintiffs' argument that the fee is required too early in the litigation process is without merit. Once the litigant has determined, for whatever reason, that the litigant might desire to submit the facts in issue to a jury, the defendants are entitled to rely on that election and to assume that a civil jury trial might be necessary. This is especially true when, as here, civil litigation obligates the defendants to maintain the civil jury system and to provide jurors for those litigants whose factual disputes are to be submitted for jury determination.

For these reasons, we conclude that the non-refundable $300 jury fee does not constitute an unreasonable restriction on the assertion of the right to a jury trial in a civil case.

## III.

### Due Process

■■■ The plaintiffs argue that the fee violates their constitutional right to due process.[8] Due process requires that 1) the goal of the order be to provide for the public welfare, 2) the means employed be appropriate to the achievement of the ends sought, and 3) the manner of carrying out the order not be unduly arbitrary or capricious. *State v. Rush*, 324 A.2d 748, 753 (Me.1974). Since the plaintiffs make no challenge to the process used to enforce the order, the fee does not violate the plaintiff's constitutional right to due process. *See Seven Islands Land Co. v. Maine Land Use Regulation Comm'n*, 450 A.2d 475, 483 (Me.1982).

## IV.

### Equal Protection

■■■ Finally, the plaintiffs argue that the fee violates their right to equal protection of the law. *See supra* note 8. At issue in an equal protection challenge is the validity of the classification contained in

---

6. The court recognized that the established practice in the State of Maine for the first half century of its existence was to require a jury fee for civil jury trials. In the very first legislative session, the Maine Legislature passed a law requiring plaintiffs in civil actions before a jury to pay a $7 fee. P.L. 1821, ch. 105, § 2. This law was similar to a Massachusetts law prior to Maine's independence from Massachusetts. *See* Mass.Acts 1795 ch. 41, § 1; 1805 Mass.Acts ch. 63, § 1. Finally, the Maine Supreme Judicial Court, in its early rules of court, required the jury fee to be paid before the case could proceed to trial. *Regulae Generales*, XXXIX, 1 Me. 423 (1822).

7. The Legislature abolished all jury fees one year after the *Randall* decision. *See* P.L.1873, ch. 123, § 1 (repealing R.S. ch. 116, § 12 (1871)).

8. Me. Const. art. I, § 6–A provides:

No person shall be deprived of life, liberty or property without due process of law, nor be denied the equal protection of the laws, nor be denied the enjoyment of that person's civil rights or be discriminated against in the exercise thereof.

the statute. The plaintiffs argue that the classification violates their right to equal protection by charging those who request a jury trial a $300 fee, as opposed to those who do not. Even if we were to accept the plaintiffs' argument that the fee must be reviewed under the "strict scrutiny" standard of review,[9] the fee is not unconstitutional. The plaintiffs primarily argue that those who are charged the fee may not necessarily gain any benefit in return because they may settle their cases without receiving a jury trial.[10] Thus, the plaintiffs are complaining about a classification that charges those who do not receive a jury the same fee as those who do utilize a jury.

The "strict scrutiny" standard of review requires that the fee be narrowly tailored to achieve a compelling governmental objective. *Dunn v. Blumstein*, 405 U.S. 330, 343, 92 S.Ct. 995, 1003, 31 L.Ed.2d 274 (1972). Providing a civil jury trial system is a basic and therefore compelling role of government. Since it is impractical to require absolute equivalence between the amount of the fee charged to an individual litigant and the amount of benefit that that individual litigant receives from the system, some approximation is permissible. If the charge were levied only on those who utilize a jury trial, the full cost of providing it, at least $3,000, would discourage the exercise of the right to a civil jury trial much more than does the $300 fee. Moreover, litigants using jury trials and paying the full amount would be footing the bill for those litigants who, because they requested a jury trial but did not actually use one, caused some of the many administrative and maintenance costs of the system.

 Under the rational basis standard of review, it is clear from the above discussion that requiring those who request jury trials to pay a reasonable fee toward its provision is a rational method of maintaining a civil jury trial system. *See Dishon v. Maine State Retirement Sys.*, 569 A.2d 1216; *County of Portage v. Steinpreis*, 104 Wis.2d 466, 312 N.W.2d 731 (1981); *Robertson v. Apuzzo*, 170 Conn. 367, 365 A.2d 824 (1976); *Fried v. Danaher*, 46 Ill.2d 475, 263 N.E.2d 820 (1970).

The entry is:

Judgment affirmed.

All concurring.

9. Where a classification involves a suspect class or impinges on a fundamental right, the strict scrutiny test is applied: the classification must be narrowly tailored to promote a compelling state interest. *State v. Rush*, 324 A.2d 748, 757 n. 7 (Me.1974). Where no suspect class or fundamental right is involved, the rational basis test applies: the classification will be upheld "if facts may be reasonably conceived to justify the distinction." *Dishon v. Maine State Retirement Sys.*, 569 A.2d 1216, 1217 (Me.1990).

10. The plaintiffs' subsidiary argument, that the fee produces excess revenues that can be used for general state purposes because they are deposited in the General Fund is without merit, for (1) the fee does not produce excess revenues; and (2) it is immaterial that the revenues produced by the fee are deposited in the General Fund.