Thurman BERRY

v.

H.R. BEAL & SONS et al.

Supreme Judicial Court of Maine.

Argued June 24, 1994.
Decided Nov. 9, 1994.

David A. Chase (orally), MacDonald & Chase, Bangor, for employee.

Wayne P. Doane (orally), Cuddy & Lanham, Bangor, for Commercial Union.

Jane E. Skelton, Rudman & Winchell, Bangor, for Fireman's Fund.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, and LIPEZ, JJ.

DANA, Justice.

Thurman Berry appeals from a decision of the Appellate Division of the Workers' Compensation Commission, which affirmed the Commissioner's decision that, pursuant to 39 M.R.S.A. § 62–B (1989),[1] the employer's insurer was entitled to reduce Berry's workers' compensation benefits by an amount equal to fifty percent of his social security retirement benefits. Berry argues that (1) the application of section 62–B violates the Equal Protection Clause of the Maine and federal constitutions and (2) the employer's insurer is not entitled to the entire offset because one of the injuries responsible for his incapacity occurred before the effective date of section 62–B. We disagree and affirm the decision of the Commission.

Thurman Berry worked in the lobster business for H.R. Beal & Sons for about twenty years. In June 1977, he suffered a significant work-related injury to his lower back. Fireman's Fund Insurance Company

---

1. 39 M.R.S.A. § 62–B (1989) was repealed and replaced by P.L.1991, ch. 885, § A–7 (effective January 1, 1993), and codified as 39–A M.R.S.A. § 221 (Supp.1993). Because the proceeding was pending on the effective date of Title 39–A, this appeal is governed exclusively by former Title 39. *Riley v. Bath Iron Works,* 639 A.2d 626, 627–29 (Me.1994).

was the workers' compensation insurer for H.R. Beal & Sons at the time.

In 1983, at the age of sixty-three, Berry retired and began receiving social security retirement benefits. Because these benefits were not "enough to keep [him] going," he later returned to work at H.R. Beal & Sons for about five hours per day. In August 1990, Berry suffered a second work-related back injury resulting in his total incapacity. At the time of this second injury Commercial Union Insurance Company was the workers' compensation insurer for H.R. Beal & Sons, and Berry was collecting $114 per week in social security retirement benefits in addition to wages of $274 per week.

In September 1990, H.R. Beal & Sons and Commercial Union filed a petition for apportionment alleging that the June 1977 injury was partially responsible for Berry's total incapacity. By agreement of the parties, the Commissioner was also asked to determine the extent to which the responsible insurer could offset Berry's social security benefits pursuant to 39 M.R.S.A. § 62–B.

The Commissioner granted the petition for apportionment, finding that the 1977 and 1990 injuries were each fifty percent responsible for Berry's incapacity, concluded that Berry's workers' compensation benefits were subject to the entire offset provided for in section 62–B, and deducted $57 from his weekly compensation award. Berry's appeal to the Appellate Division was denied, and we granted his petition for review.

### I. *Equal Protection* [2]

■ Every act of the Legislature is presumed to be constitutional. *Brann v. State*, 424 A.2d 699, 703 (Me.1981). Because Berry's equal protection challenge does not involve a suspect classification or fundamental right, the challenged classification need only be "rationally related to a legitimate state interest." *McNicholas v. York Beach Village Corp.*, 394 A.2d 264, 268 (Me.1978) (quoting

*New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S.Ct. 2513, 2516–17, 49 L.Ed.2d 511 (1976)). "One who assails the classification . . . must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary." *State Dep't of Transportation v. National Advertising Co.*, 387 A.2d 745, 750 (Me.1978) (quoting *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78–79, 31 S.Ct. 337, 340–41, 55 L.Ed. 369 (1911)). Whether a particular enactment is the best way to achieve the desired result is a matter for the Legislature, and not this Court. *Peters v. Saft*, 597 A.2d 50, 52 (Me.1991).

■ Title 39 M.R.S.A. § 62–B provides in pertinent part as follows:

**3. Coordination of benefits.** Benefit payments subject to this section shall be reduced in accordance with the following provisions.

**A.** The employer's obligation to pay weekly compensation under section 54–B or 55–B shall be reduced by:

(1) Fifty percent of the amount of old age insurance benefits received or being received under the United States Social Security Act. . . .

Berry correctly points out that one purpose of section 62–B is to prevent the stacking of benefits, meaning that an injured worker who retires should not receive workers' compensation and social security benefits which when combined exceed his previous working income. *See* L.D. 1062, Statement of Fact (112th Legis. 1985).[3] Because he was already receiving social security when injured and because workers' compensation benefits are always a fraction of pre-injury wages, Berry asserts that it was impossible for his post-injury benefits to exceed his pre-injury income. He therefore concludes that section 62–B violates the Equal Protection Clause in this case because it is "not rationally related to an otherwise legitimate State purpose." Stated another way, he contends

---

2. The denial of equal protection of the laws is proscribed by Me. Const., art. 1, § 6–A, and by U.S. Const., amend. XIV, § 1. "The restrictions imposed by the Maine Constitution are no more stringent than those created by the federal Constitution." *Beaulieu v. City of Lewiston*, 440 A.2d 334, 338 n. 4 (Me.1982).

3. Although L.D. 1062 was not enacted, it contained the social security offset provision which the Legislature eventually passed. *Compare* L.D. 1062, § 13 (112th Legis. 1985) *with* L.D. 1634, § 26 (112th Legis.1985).

that it is a violation of the Equal Protection Clause to apply section 62–B to people who are receiving social security benefits at the time of their injury. We disagree.

As an initial matter, the Legislature had at least *two* goals in mind when it enacted section 62–B: (1) to coordinate benefits or to prevent the stacking of benefits, *see Casey v. Town of Portage Lake*, 598 A.2d 448, 451 (Me.1991), and (2) to alleviate the burden on employers who are required to pay into the workers' compensation and social security systems, *see* L.D. 1634, Statement of Fact (112th Legis. 1985). Clearly, section 62–B is rationally related to these goals. Although Berry argues that the application of the offset is not fair in his case, we cannot conclude that his inclusion within this section's coverage is arbitrary or irrational. *Cf. Dishon v. Maine State Retirement Sys.*, 569 A.2d 1216, 1217 (Me.1990) (upholding constitutionality of offsetting workers' compensation and social security disability benefits against employee's disability retirement benefits from the Maine State Retirement System).

We also reject Berry's contention that the Legislature did not intend for the offset to apply to employees who were already receiving social security at the time of their compensable injury. Section 62–B explicitly provides that the employer's obligation to pay weekly compensation shall be reduced by fifty percent of social security benefits "received or *being received.*" 39 M.R.S.A. § 62–B(3)(A)(1) (emphasis added). *See also Leo v. Danco/D & W Constr. Co.*, W.C.C.App.Div. 231, 234 (Me.1993) (section 62–B specifically applies to social security benefits that are received "before or after an injury").

## II. *Proration of the Offset*

The Commissioner found, and the parties do not dispute, that the 1977 and 1990 injuries were equally responsible for Berry's total incapacity. Although section 62–B applies "only as to injuries occurring on and after" June 30, 1985,[4] the Commissioner

ruled that Berry's workers' compensation benefits ($207.43) were subject to the entire offset. Berry argues that the Commissioner should only have allowed H.R. Beal & Sons or its insurer to take half of the offset provided for in section 62–B. H.R. Beal & Sons responds that the statute does not provide for the proration of offsets. This we need not decide.

Because the social security offset of $57 (50% of $114) is less than the workers' compensation benefit allocable to the second injury (50% of $207.43), the Commission was correct in authorizing the entire offset.[5]

The entry is:

The decision of the Appellate Division is affirmed.

All concurring.

---

**4.** *See* P.L.1985, ch. 372, part A; *see also Rickett v. William Underwood Co.*, 581 A.2d 420, 421 n. 1 (Me.1990) (section 62–B offset provision does not apply where employee's injury occurred before the effective date).

**5.** We express no opinion as to the result if the social security offset exceeded the workers' compensation benefit allocable to "injuries occurring on or after" June 30, 1985. 39 M.R.S.A. § 62–B (1989).