1997 ME 223

Jennifer ZORN

v.

CARL R. SMITH POTATOES

and

Commercial Union Insurance.

No. WCB–96–345.

Supreme Judicial Court of Maine.

Argued Sept. 2, 1997.

Decided Nov. 24, 1997.

Laurie Ann Miller (orally), N. Laurence Willey, Jr., Ferris, Dearborn & Willey, Brewer, for employee.

Jon A. Haddow (orally), Farrell, Rosenblatt & Russell, Bangor, for employer.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

[¶ 1] The employee, Jennifer Zorn, appeals from a decision of the Workers' Compensation Board denying her petition for award based on the determination that her employer, Carl R. Smith Potatoes (Smith), is exempt from the requirement to secure the payment of workers' compensation pursuant to 39–A M.R.S.A. § 401(1) (Supp.1996). Concluding that the Board correctly construed the statutory provision, we affirm.

[¶ 2] Zorn was injured on October 7, 1993, while employed as a seasonal laborer by Smith, a family agricultural business that raises and sells potatoes and other crops. Smith employs fourteen to eighteen workers on a seasonal basis and has one year-round employee. Smith does not maintain workers' compensation insurance, but has an employer's liability insurance policy in the amount of

$500,000, with coverage for medical payments of not less than $100,000.

[¶ 3] Zorn filed a petition for award with the Workers' Compensation Board in 1995 and an action in Superior Court against Smith seeking to recover damages for the injury. The Board concluded that Smith was exempt from the obligation of securing payment of workers' compensation pursuant to 39–A M.R.S.A. § 401(1) (Supp.1996) and that the Board lacked jurisdiction over the injury. 39–A M.R.S.A. § 401(1) provides, in pertinent part:

**1. Private employers.** Every private employer is subject to this Act and shall secure the payment of compensation in conformity with this section and sections 402 to 407 with respect to all employees, subject to the provisions of this section. A private employer who has not secured the payment of compensation ... is not entitled, in a civil action brought by an employee ... for personal injuries or death arising out of and in the course of employment, to the defense set forth in section 103. The employee of any such employer may, instead of bringing a civil action, claim compensation from the employer under this Act.

The following employers are not liable under this section for securing the payment of compensation in conformity with this section ... with respect to the employees listed, nor deprived of the defenses listed in section 103:

. . .

**B.** Employers of employees engaged in agriculture or aquaculture as seasonal or casual laborers, if the employer maintains coverage by an employer's liability insurance policy with total limits of not less than $25,000 and medical payment coverage of not less than $1,000.

(1) As used in this subsection, 'casual' means occasional or incidental. 'Seasonal' refers to laborers engaged in agricultural or aquacultural employment beginning at or after the commencement of the planting or seeding season and ending at or before the completion of the harvest season; and

**C.** Employers of 6 or fewer agricultural or aquacultural laborers, if the employer maintains an employer's liability insurance policy with total limits of not less than $100,000 multiplied by the number of agricultural or aquacultural laborers employed by that employer and medical payment coverage of not less than $1,000.

(1) *In computing the number of agricultural or aquacultural laborers under this paragraph*, immediate family members of unincorporated employers, immediate family members of bona fide owners of at least 20% of the outstanding voting stock of an incorporated agricultural employer and *seasonal and casual workers are not included.* For purposes of this subparagraph, 'immediate family members' means parents, spouse, brothers, sisters and children.

(2) This exemption does not apply if the employer has employed more than 6 agricultural or aquacultural laborers in regular and concurrent manner, as computed under subparagraph 1, at any time during the 52 weeks immediately preceding the injury.

The burden of proof to establish an exempt status under this subsection is on the employer claiming the exemption.

39–A M.R.S.A. § 401(1) (emphasis added), *amended by* P.L.1997, ch. 359 (effective May 31, 1997).

[¶ 4] Zorn contends that Smith does not qualify for the exemption of subsection B because it employs one year-round employee, and that it does not fall within the exemption of subsection C because it employs more than six laborers. We disagree. Subsection C expressly states: "In computing the number of agricultural or aquacultural laborers under this paragraph, ... seasonal and casual workers are not included." 39–A M.R.S.A. § 401(1)(C)(1).[1] Smith does not employ more than six non-seasonal laborers, and

---

1. Subsection 401 was recently amended in 1997. P.L.1997, ch. 359 (effective May 31, 1997). Because our result would be the same pursuant to either version of the statute, it is not necessary to address whether section 401, as recently amended, applies to this appeal.

therefore falls squarely within the exemption of subsection C.[2]

■ [¶ 5] Zorn also contends that if Smith is exempt from the duty to secure workers' compensation and she is unable to seek benefits for her injury pursuant to the Workers' Compensation Act, she will be denied her constitutionally protected rights of equal protection of the laws. U.S. Const. amend. XIV; Me. Const. art. I, § 6–A. We disagree. Zorn concedes that the statute does not implicate a suspect class or interfere with a fundamental right; therefore, "the challenged classification need only be 'rationally related to a legitimate state interest.'" *Berry v. H.R. Beal & Sons,* 649 A.2d 1101, 1102 (Me.1994) (citations omitted). We will defer to the legislature as to whether the language of a particular statute is the best way to achieve a legitimate legislative purpose, *id.,* and will uphold a legislatively enacted classification "if facts may be reasonably conceived to justify the distinction." *Dishon v. Maine State Retirement Sys.,* 569 A.2d 1216, 1217 (Me.1990) (quoting *McNicholas v. York Beach Village Corp.,* 394 A.2d 264, 269 (Me.1978)).

■ [¶ 6] Acts of the legislature are presumed constitutional, and the burden is on Zorn to show that the statute is arbitrary and without reasonable basis. *Berry,* 649 A.2d at 1102. The exemption protects smaller agricultural businesses that make use of seasonal workers from the burden of purchasing workers' compensation insurance, while at the same time requiring those businesses to carry employers' liability insurance. That exemption is neither arbitrary nor without rational basis. Zorn's equal protection claim is without merit.

The entry is:

Decision of the Workers' Compensation Board affirmed.

2. Because Smith is exempt pursuant to section 401(1)(C), we do not address section 401(1)(B), pursuant to which Smith also contends that it is exempt.