**State of MAINE, Plaintiff,**

v.

**John W. DeVORE, Defendant.**

**No. CV–04–50–B–W.**

United States District Court,
D. Maine.

May 13, 2004.

Maeghan L. Maloney, Maine Attorney General's Office, Augusta, ME, for Maine, State of, Plaintiff.

John W DeVore, Palm City, FL, Pro se.

## ORDER

WOODCOCK, District Judge.

On March 23, 2004, the State of Maine (State) filed a Complaint in Kennebec County Superior Court against John W. DeVore (DeVore), a Florida resident, to collect delinquent Maine income tax; DeVore subsequently removed the case to this Court. The State filed a Motion to Remand on the grounds that this Court does not have jurisdiction over state tax law cases pursuant to the Tax Injunction Act (TIA). 28 U.S.C. § 1341. Because the State's assessment is a tax for revenue raising purposes and because the State provides adequate remedies to challenge such an assessment, this matter properly belongs in state court and this Court grants the State's Motion to Remand.

■ Federal courts are courts of limited jurisdiction and "must take pains to act only within the margins of that jurisdiction." *Cumberland Farms, Inc. v. Tax Assessor*, 116 F.3d 943, 945 (1st Cir.1997) (citing *National Ass'n of Social Workers v. Harwood*, 69 F.3d 622, 628 n. 6 (1st Cir. 1995)). This restraint is particularly appropriate in areas touching upon federalism. In the words of Justice Kennedy: "Federalism was our Nation's own discovery. The Framers split the atom of sovereignty. It was the genius of their idea that our citizens would have two political capacities, one state and one federal, each protected from incursion by the other." *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 838, 115 S.Ct. 1842, 131 L.Ed.2d 881 (1995) (Kennedy, J., concurring).

Even before the enactment of the TIA, the Supreme Court recognized the "important and sensitive nature of state tax systems and the need for federal-court restraint when deciding cases that affect such systems." *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 102, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). Justice Field wrote in *Dows v. Chicago:*

> It is upon taxation that the several States chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the taxes levied should be interfered with as little as possible. Any delay in the proceedings of the officers, upon whom the duty is devolved of collecting the taxes, may derange the operations of government, and thereby cause serious detriment to the public.

11 Wall. 108, 78 U.S. 108, 110, 20 L.Ed. 65 (1870). After the Supreme Court decided in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) that federal courts may enjoin state officers from enforcing an unconstitutional state law, Congress enacted the TIA in recognition "that the autonomy and fiscal stability of the States survive best when state tax systems are not subject to scrutiny in federal courts." *Fair Assessment*, 454 U.S. at 102–03, 102 S.Ct. 177.[1]

■ The TIA thus provides that where a state offers an adequate remedy, the district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C.

---

1. In *In re Pontes*, 310 F.Supp.2d 447, 450–52 (D.R.I.2004), Judge Smith traced this concept from Alexander Hamilton's Federalist Papers through the Supreme Court decisions of *McCulloch v. Maryland*, 4 Wheat. 316, 17 U.S. 316, 425, 4 L.Ed. 579 (1819); *Dows*, 78 U.S. at 110, 11 Wall. 108; and, *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, leading to the express congressional restriction in the TIA.

§ 1341. Before the TIA divests a federal court of its jurisdictional powers, two conditions must be satisfied: (1) the challenged levy must actually constitute a "tax"; and (2) the state must provide an adequate alternative to a federal-court remedy. *Cumberland Farms, Inc. v. Tax Assessor,* 116 F.3d at 945.

 The State has comfortably met the first consideration. This Court has previously interpreted the term "tax" in the context of the TIA to mean assessments "imposed primarily for revenue raising purposes." *Butler v. Maine,* 767 F.Supp. 17, 19 (D.Me.1991) (collecting cases). By contrast, assessments imposed "for regulatory or punitive purposes, even though they may also raise revenues, are generally not 'taxes.'" *Id.* The Maine state income tax is clearly a tax, not an assessment for regulatory or punitive purposes. *See Stevens v. State Tax Assessor,* 571 A.2d 1195 (Me.1990); *Barney v. State Tax Assessor,* 490 A.2d 223(Me.), *cert. denied,* 474 U.S. 828, 106 S.Ct. 90, 88 L.Ed.2d 73 (1985); *Morse v. Johnson,* 282 A.2d 597 (Me.1971).

 The State has also met the second requirement of the TIA. The State makes available to taxpayers a number of avenues to challenge a disputed levy: for example, through the Assessor's administrative processes, 36 M.R.S.A. § 141, 151, 171 and 174, and through the Maine state court system under the Maine Administrative Procedure Act, 5 M.R.S.A. § 8001, *et seq.* (West 2003); and Maine Rule of Civil Procedure 80C.

The State's Motion to Remand is hereby GRANTED and the matter is REMANDED to the Maine Superior Court.

**SO ORDERED.**