STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-97-059
*VM -Cum-8/28/2000*

MC ASSOCIATES,

       Plaintiff

  vs.

INHABITANTS OF THE TOWN OF
CAPE ELIZABETH, et al.,

      Defendants

ORDER ON DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

The defendants seek a summary judgment on all counts (count II: due process; count III: promissory estoppel; count IV: taking; count V: void as excessive regulation; count VI: declaratory judgment; count VII: injunctive relief) of the plaintiff's complaint. For the following reasons, the motion is granted.

By decision filed 7/16/98, the superior court affirmed the decisions of the Cape Elizabeth Planning Board and Zoning Board of Appeals, which were the subject of the plaintiff's Rule 80B appeal in count I of the second amended complaint. See Sprague v. Washburn, 447 A.2d 784, 786-87 (Me. 1982) (law of case).

In the decision and order on the plaintiff's Rule 80B complaint, the court determined that the Planning Board did not err in determining that the boundary of the RPI-CWZ wetland at issue in this case was north of the Dyer Road. The court further determined that the Zoning Board of Appeals did not err in declining to hear the plaintiff's administrative appeal from the Planning Board's decision.

Finally, the court determined that the Zoning Board of Appeals did not err in denying the plaintiff's request for a variance. See Decision and Order filed 7/16/98.

It is undisputed that the plaintiff's parcel contains less than 20,000 square feet and that any home constructed will require private sewerage. See Stipulation of Facts, ¶¶ 5-6. As of the date the plaintiff acquired the parcel which is the subject of this lawsuit, the parcel was too small for any proposed residential construction pursuant to the Town's ordinance then in effect. See Stipulation of Facts, ¶¶ 1, 4-6, 40. The fact that Mitchell Cope, general partner of the plaintiff, was involved in other entities that owned the parcel since 1964 does not affect that conclusion. See Stipulation of Facts, ¶¶ 39-41; see also 12 M.R.S.A. § 4807-D (1994). Accordingly, all of the plaintiff's claims fail.

COUNT II: DUE PROCESS

The plaintiff has abandoned its challenge to the adequacy of the notice it received regarding the rezoning. See Pl.'s Mem. at 10; Crispin v. Town of Scarborough, 1999 ME 112, ¶ 18, 736 A.2d 241, 247 (adoption and amendment of zoning ordinances are legislative actions); Stipulation of Facts, ¶¶ 7-9. On this record, there was no due process violation. See Seven Islands Land Co. v. Maine Land Use Regulation Comm'n, 450 A.2d 475, 483 (Me. 1982); see also F.S. Plummer Co., Inc. v. Town of Cape Elizabeth, 612 A.2d 856, 859-60 (Me. 1992); Decision and Order filed 7/16/98.

2

COUNT III: PROMISSORY ESTOPPEL

The plaintiff admits that the Town has never made any promises about the buildability of the parcel which is the subject of this lawsuit. See Stipulation of Facts, ¶ 33; Cottle Enterprises, Inc. v. Town of Farmington 1997 ME 78, ¶ 17, 693 A.2d 330, 335-36 & n.6

COUNTS IV & V:  TAKING & VOID AS EXCESSIVE REGULATION

The plaintiff's federal just compensation claim is premature.  See Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194-95 (1985); Drake v. Town of Sanford, 643 A.2d 367, 369 (Me. 1994). With regard to the plaintiff's state claim of inverse condemnation, the wetlands provisions at issue in this case serve a legitimate public interest.  See F.S. Plummer, 612 A.2d at 860 (protection of environment and water quality valid object of exercise of police power).  Further, the plaintiff's property continues to have value.  See Stipulation of Facts, ¶ 52; see also Concrete Pipe & Products of California, Inc. v. Construction Laborers Pension Trust for Southern California, 508 U.S. 602, 645-46 (1993) (reasonable investment-backed expectations); Stipulation of Facts, ¶ 42.

COUNTS VI & VII:  DECLARATORY JUDGMENT & INJUNCTIVE RELIEF

The court presumes that the ordinance is constitutional.  See Warren v. Municipal Officers of Town of Gorham, 431 A.2d 624, 628 (Me. 1981).  There is no clear and irrefutable evidence on this record that the ordinance is invalid.  See F.S. Plummer, 612 A.2d at 859-60; Warren, 431 A.2d at 628-29.

The entry is

> The Defendants' Motion for Summary Judgment is GRANTED. Judgment is entered in favor of the Defendants and against the Plaintiff on Counts II-VII of the Plaintiff's Second Amended Complaint.

Date: August 27, 2000

Nancy Mills
Justice, Superior Court

CUM AP-97-059

4

Date Filed 06-19-97     CUMBERLAND     Docket No. AP97-059

County

Action 80B APPEAL

MC ASSOCIATES

<div style="float:right">

INHABITANTS OF THE TOWN OF CAPE ELIZABETH
CAPE ELIZABETH PLANNING BOARD
GERALD DAIGLE

</div>

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JAMES A. HOPKINSON ESQ<br>511 CONGRESS STREET STE 801<br>PORTLAND ME 04101<br>772-5845 | MICHAEL H. HILL ESQ<br>PO BOX 7046<br>PORTLAND ME 04112-7046<br>774-3906 |

DONALD L. GARBRECHT
LAW LIBRARY

OCT 11 2000

| Date of Entry | |
|---|---|
| **1997** | |
| June 19 | Received 06-19-97:<br>Complaint Summary Sheet filed.<br>80B Appeal with Exhibit A filed. |
| " | |
| June 20 | On 6-20-97.<br>Briefing schedule mailed. Plaintiff's brief due 7-29-97. |
| July 14 | Received 07/14/97:<br>Summons with Acknowledgment of receipt filed.<br>Defendant Inhabitants of the town of Cape Elizabeth served 07/01/97 to Michael Hill, Esq.. |
| " " | Defendant Cape Elizabeth Planning Board served 07/01/97 to Michael Hill, Esq. |
| " " | Defendant Inhabitants of the town of Cape Elizabeth, Cape Elizabeth planning Board and Gerald Daigle served 07/01/97 to Michael Hill, Esq. |
| July 22 | Received 07/21/97:<br>Stipulation filed. |
| July 31 | On 07/31/97:<br>Conference call regarding stipulation held. |
| Aug. 05 | Received 08-05-97:<br>Order filed. (Mills, J.)<br>It is upon consideration, ORDERED as follows: 1. That this matter is stayed until 9/2/97. 2. That the Plaintiff shall file its Amended Complaint on or before 9/2/97. 3. That the filing of the Amended Complaint shall commence the itme requirements set forth in Rule 80B with regard to appearances, motions for trial of the facts, motions to determine the course of this proceeding, briefing adn the further court of this case.<br>CONTINUED ON NEXT PAGE |