Mr. Justice FIELD
 

 delivered the opinion of the court.
 

 According to the view we take of this case, it is unnecessary to consider the force of any of the objections urged by the appellants to the decrees rendered. Assuming the tax to be illegal and void, we do not think any ground is presented by the bill justifying the interposition of a court of equity to enjoin its collection. The illegality of the tax and the threatened sale of the shares for its payment constitute of themselves alone no ground for such interposition. There must be some special circumstances attending a threatened injury of this kind, distinguishing it from a common trespass, and bringing the case under some recognized head of
 
 *110
 
 equity jurisdiction before the preventive remedy of injunction can be invoked. It is upon taxation that the several States chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the taxes levied should be interfered with as little as possible. Any delay in the proceedings of the officers, upon whom the duty is devolved of collecting the taxes, may derange the operations of government, and thereby cause serious detriment to the public.
 

 No court of equity will, therefore, allow its injunction to issue to restrain their action, except where it may be necessary to protect the rights of the citizen whose property is taxed, and he has no adequate remedy by the ordinary processes of the law. It must appear that the enforcement of the tax would lead to a multiplicity of suits, or produce irreparable injury, or where the property is real estate, throw a cloud upon the title of the complainant, before the aid of a court of equity can be invoked. In the cases where equity has interfered, in the absence of these circumstances, it will be found, upon examination, that the question of jurisdiction was not raised, or was waived. Such was the case of
 
 The Bank of Utica
 
 v.
 
 The City of Utica
 

 *
 

 where the tax was illegal, and the chancellor stated that the complainant had a complete remedy at law, but as the parties submitted themselves to the jurisdiction of the court, he passed upon the case and enjoined the defendants from collecting the tax. So in the case of
 
 The Utica Manufacturing Company
 
 v.
 
 The Supervisors of Oneida
 
 County,
 
 †
 
 a demurrer to a bill filed to restrain an illegal tax having been overruled, the chancellor affirmed the ruling, stating, however, that as no question was raised by counsel respecting the jurisdiction of the court, he had not considered whether it was a proper ease for equitable cognizance.
 

 Numerous cases are found in the reports where jurisdiction has been taken under similar circumstances and the collec
 
 *111
 
 tion of an illegal tax restrained, but our attention has not been called to any well-considered case where a court of equity has interfered by injunction after its jurisdiction was questioned, except upon some one of the special circumstances mentioned.
 

 The decision of the Court of Appeals of New York in
 
 Heywood
 
 v.
 
 The City of Buffalo,
 

 *
 

 is in conformity with the views here expressed. In that case the court held the general rule to be that a court of equity, will not entertain an action by the party aggrieved for relief against an erroneous or illegal assessment, but said that this rule was subject to three exceptions, substantially these: where the enforcement of the assessment would lead to a multiplicity of suits, or where it would produce irreparable injury, or where the assessment on the face of the proceedings was valid, and extrinsic evidence would be required to show its invalidity. Whenever a case was made by the pleadings falling within either of these exceptions, the court said that equity would interfere to arrest the excessive litigation, or prevent the irreparable injury, or remove the cloud upon the title, but would not interfere where none of these circumstances existed. In
 
 Susquehanna Bank
 
 v.
 
 The Supervisors of Broome
 
 County,
 
 †
 
 the same doctrine was substantially repeated, the court declaring that a bill to restrain the collection of a tax would not lie unless the ease was brought within some acknowledged head of equity jurisdiction.
 

 The Supreme Court of- Illinois is equally clear upon this ■question. In the case of
 
 Cook County
 
 v.
 
 The Chicago, Burlington, and Quincy Railroad Company,
 

 ‡
 

 the subject was considered, and the court said that it had been unable to find any decision, in its previous adjudications, asserting a right to bring a bill to restrain the collection of a tax illegally assessed, without regard to special circumstances. It concludes an examination of its former decisions by stating, that while it was considered settled that a court of equity would never entertain a bill to restrain the collection of a tax, except in
 
 *112
 
 cases where the tax was unauthorized by law, or where it was assessed upon property not subject to taxation, it had never held that jurisdiction Would be taken in these excepted cases without special circumstances, showing that the'colleetion of the tax would be likely to produce irreparable injury, or cause a multiplicity of suits.
 

 Upon principle this must be the case. The equitable powers of the. court can only be invoked by the presentation of a case of equitable cognizance. There can be no such case, at least in the Federal courts, where there is a plain and adequate remedy at law. And except where the special circumstances which we have mentioned exist, the party ofi whom an illegal tax is collected has ordinarily ample remedy, either by action against the officer making the ¡collection or the body to whom the tax is paid. Here such remedy existed.- If the tax was illegal, the plaintiff protesting against its enforcement might have had his action, after it was paid, against the officer or the city to recover back the money, or he might have pi’osecuted' either for his damages. No •irreparable injury would have followed to him from its collection.. Nor would he have been compelled to resort to a multiplicity of -suits to determine his rights. His entire claim might have been embraced in a single action.
 

 We see no ground for the interposition of a court of equity which would not equally justify such interference in any case of threatened invasion of real or personal property.
 

 The cross-bill filed by the bank presents different features. That institution insists that if it paid the tax levied upon the shares of all its numerous stockholders out of the dividends upon their shares in its hands, which it is required to do by the law of the State, or if the shares were sold, it would be subjected to a multiplicity of suits by the shareholders, and were it an original bill the jurisdiction of the court might be sustained on that ground. But as a cross-bill it must follow the fate of the original bill.
 

 Decrees affirmed in both suits.
 

 *
 

 4
 
 Paige, 399.
 

 †
 

 1 Barbour’s Chancery, 432.
 

 *
 

 14 New York, 534.
 

 †
 

 25 Id. 312.
 

 ‡
 

 35 Illinois, 465.