<hr />

NYE, JENKS & CO. v. TOWN OF WASHBURN et al.

(Circuit Court, W. D. Wisconsin. November 11, 1903.)

No. 101.

1. PERSONAL PROPERTY TAX—SUIT TO ENJOIN—PROPRIETY.

Both under Rev. St. § 3224 [U. S. Comp. St. 1901, p. 2088], providing that no suit to restrain the assessment or collection of any tax shall be maintained in any federal court, and on general principles of equity, an injunction suit cannot be maintained to restrain the collection by town authorities of a personal property tax; there being an adequate remedy at law to be had, by paying the tax and bringing an action to recover it, and it being contrary to public policy to tie up the collection of taxes.

2. SAME—ALLEGATIONS OF FRAUD.

The allegation in a bill to restrain town authorities from collecting a personal property tax that the town's board of review, including its assessor, "wrongfully, fraudulently, and unlawfully confederated, connived,

125 F.—52

and colluded to injure plaintiff by placing on said assessment roll" the property in question, is insufficient to lay a foundation for equity jurisdiction.

**3. SAME—EFFECT OF FRAUD.**

Fraud in levying a personal property tax will not confer jurisdiction in equity to enjoin the tax, where the legal remedy remains adequate.

In Equity. On demurrer to complaint.

A. W. McLeod, for complainant.

John Walsh, for defendants.

BUNN, District Judge. This is a suit in equity to enjoin the collection of a tax upon personal property, and is in violation of the positive provision of the law of Congress (section 3224, Rev. St. [U. S. Comp. St. 1901, p. 2088]) which provides that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court, and also is contrary to many decisions of the Supreme Court of the United States on the same subject. If the allegations of the bill of complaint are true, it is altogether probable that the attempt to assess the plaintiff's wheat, stored in warehouses in the defendant town while in transit to other parts of the continent, is altogether unjustifiable in the law. But if so, the plaintiff has an adequate remedy in the law, by paying the tax, and bringing a suit at law to recover back the money. It is contrary to every principle of equity jurisprudence that the collection of taxes on personal property should be stayed by injunction. Whenever the party injured, or supposed to be injured, has an adequate remedy in the law, it is contrary to public policy that the collection of taxes should be tied up in that way.

The case is fairly ruled, I think, by Dows v. Chicago, 11 Wall. 108, 20 L. Ed. 65, and Shelton v. Platt, 139 U. S. 591, 11 Sup. Ct. 646, 35 L. Ed. 273. In these cases, as well as in many other cases decided by the Supreme Court, it was directly ruled that a suit in equity will not lie to restrain the collection of a tax on the sole ground that the tax is illegal, but there must exist, in addition, special circumstances bringing the case under some recognized head of equity jurisdiction, such as that the enforcement of the tax would lead to a multiplicity of suits or produce irreparable injury, or, where the property is real estate, throw a cloud upon the title of the complainant. There is no doubt that cases of fraud may sometimes constitute an exception to this general rule of law, but the allegations of the bill of complaint do not bring this case within that exception. The statement that the board of review of the defendant town, among whom was the assessor, wrongfully, fraudulently, and unlawfully confederated, connived, and colluded to injure plaintiff by placing on said assessment roll $300,000 worth of grain, valued by said assessor at $90,000, adds nothing to the bill by way of taking it out of the general rule laid down by the Supreme Court. The allegations of fraud and conspiracy are quite too general. No facts are stated. Besides, it is not every case of fraud, though properly alleged, that will confer jurisdiction in equity. Fraud is a legal as well as equitable ground of action, and, if the remedy at law is complete and adequate, equity

will not take jurisdiction. The case should be made to come within some recognized head of equity jurisdiction, as to save multiplicity of suits, call for discovery or accounting, or prevent a cloud upon title to real estate. A person may be defrauded of a sum of money by gross deceit, and yet, if an action at law will furnish a remedy, as it usually will, no suit in equity will lie. If the members of the board of review conspired together to put the complainant's grain upon the assessment roll, the injury to the complainant would be just the same, and no greater than, if the same property had been placed there without such connivance. The remedy at law would be just as adequate in the one case as the other.

The demurrer will be sustained, and the bill of complaint dismissed, with costs.