# UNITED STATES TRUST COMPANY *v.* DISTRICT OF COLUMBIA.

---

INJUNCTION; COLLECTION OF TAX; JURISDICTION; WAIVER.

1. Equity jurisdiction cannot be invoked to restrain the collection of a tax, unless it appears that the enforcement of the tax will lead to a multiplicity of suits, or produce irreparable injury, or throw a cloud upon the title to real estate, and the fact that the affairs of the taxpayer are in the hands of a receiver makes no difference.

2. Objection to the jurisdiction of a court of equity to enjoin the collection of a tax by levy upon the property of a corporation in the hands of a receiver is not waived by a stipulation of counsel consenting to the entry of an order by the court that the receiver shall retain in his possession sufficient assets to satisfy the claim for the taxes ultimately found to be due, and that the lien of the levy theretofore made shall be released, especially when the order is made after the original bill has been dismissed for lack of juris-

---

NOTE.—On the right to injunction to restrain the collection of illegal taxes, see note in 22 L.R.A. 699.

diction, and pending a motion to dismiss, upon the same ground, an amended bill which is subsequently disposed of upon such motion.

No. 3218. Submitted March 7, 1919. Decided March 31, 1919.

HEARING on an appeal from a decree of the Supreme Court of the District of Columbia, sitting as an equity court, dismissing a bill to restrain the District of Columbia from collecting certain taxes. *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellant, United States Trust Company, on July 30, 1914, filed its bill in equity to restrain the District of Columbia, its commissioners and tax collector, from proceeding to enforce the collection of certain taxes claimed to be due the District from plaintiff corporation.

The amended bill sets forth that, on November 21, 1913, the United States Trust Company, being in failing circumstances, turned over its business to the Munsey Trust Company, whereby the latter company assumed the liabilities of plaintiff company to all its depositors, upon the further agreement that, after the Munsey Company had indemnified itself against all the liabilties assumed, including expenses, the residue, if any, should be distributed to the stockholders of plaintiff company.

In June, 1914, the collector of taxes of the District of Columbia presented to the officers of the United States Trust Company a claim for the taxes in question, which became due in May, 1914. On failure to pay, the collector levied upon the banking fixtures and furniture belonging to the plaintiff company, and which had been turned over to the Munsey Trust Company. To restrain this action the present bill was filed. It appears that, on December 8, 1914, Tucker K. Sands was appointed receiver of plaintiff company, and thereafter became a party plaintiff in this action.

Defendant moved to dismiss the bill, chiefly upon 'the

ground of lack of jurisdiction. The motion was sustained, and from a decree thereon this appeal was prosecuted.

*Mr. J. H. Ralston, Mr. W. E. Richardson, Mr. Wade H. Ellis* and *Mr. C. B. Ellis* for the appellants.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Without stopping to consider the averments of the bill as affecting the legality of the tax, we think the case can be disposed of upon the question of jurisdiction. It is a general rule that equity jurisdiction cannot be invoked to restrain the collection of a tax, the remedy of the taxpayer being to pay the tax under protest and sue at law to recover the amount so paid. The rule is concisely stated in *Dows* v. *Chicago,* 11 Wall. 108, 110, 20 L. ed. 65, 66, as follows: "It is upon taxation that the several States chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the taxes levied should be interfered with as little as possible. Any delay in the proceedings of the officers, upon whom the duty is devolved of collecting the taxes, may derange the operations of government, and thereby cause serious detriment to the public. No court of equity will, therefore, allow its injunction to issue to restrain their action, except where it may be necessary to protect the rights of the citizen whose property is taxed, and he has no adequate remedy by the ordinary processes of the law. It must appear that the enforcement of the tax would lead to a multiplicity of suits, or produce irreparable injury, or where the property is real estate, throw a cloud upon the title of the complainant, before the aid of a court of equity can be invoked. In the cases where equity has interfered, in the absence of these circumstances, it will be found, upon examination, that the question of jurisdiction was not raised, or was waived."

In the present case, there is no averment which would even intimate that equity should be invoked to either avoid a multiplicity of suits or to prevent a cloud upon the title to real estate. There is no averment upon which irreparable damage can be inferred. The affairs of plaintiff corporation are now in the hands of a receiver in process of settlement, and no reason is apparent why the tax should not be paid in the orderly way and action brought by the receiver, if so advised, to recover. The mere existence of a receiver presents no exceptional feature.

In the course of the proceedings below, the court, under stipulation of counsel, entered the following order: "By stipulation of counsel for all parties hereto, it is this 7th day of May, 1915, ordered that, pending the final determination of this case on its merits, Tucker K. Sands, receiver of the United States Trust Company, or his successor, be and he is hereby authorized and directed to set aside and retain out of any funds or assets in his hands as such receiver sufficient thereof in amount to pay (if adjudged to be due and payable) the tax sought to be collected from the United States Trust Company, as set forth in the bill of complaint and amended and supplemental bill of complaint herein, together with only such penalties thereon as were claimed by the District at the time of the institution of this action, and that inasmuch as the funds or assets are to be retained by said receiver sufficient in amount to pay said taxes (if adjudged to be due and payable) in lieu of the distraint of all property of plaintiff heretofore made, the lien of said distraint is hereby transferred to and limited to the funds or assets so to be retained by said receiver, and the lien of the levy and distraint heretofore made by the defendants upon all the property formerly in the possession of the United States Trust Company, and now in the possession of said receiver, is released, and the assets in the hands of said receiver, other than those directed to be retained as herein provided, may, when and as disposed of by said receiver, be disposed of free and discharged from the lien of the distraint or other lien made by the collector of the District of Columbia."

It is urged that, by this stipulation, defendants waived ob-

jection to the jurisdiction of the court to dispose of the case on its merits in this proceeding. We think the stipulation amounts to nothing more than an agreement that the receiver shall retain in his possession sufficient funds or assets to satisfy the claim for the taxes in question which may ultimately be found to be due from the determination of the question of the legality of the tax upon its merits, and that the stipulation cannot be strictly construed as a waiver of the right to object to the jurisdiction of the court in the present action. This conclusion is justified from the fact that, at the time this order was made, the original bill of complaint had been dismissed upon the motion of defendant to the jurisdiction of the court, and the amended bill was, at this time, pending upon a similar motion to dismiss, and upon which motion the court below finally disposed of the case.

The decree is affirmed with costs. *Affirmed.*

A petition for rehearing was denied on May 22, 1919.