### KINGAN & CO., Inc., v. SMITH, Collector of Internal Revenue.

### No. 1680.

District Court, S. D. Indiana, Indianapolis Division.

Aug. 23, 1935.

See, also (D. C.) 12 F. Supp. 329.

Thompson, Rabb & Stevenson, of Indianapolis, Ind., for complainant.

Val Nolan, U. S. Atty., of Indianapolis, Ind., for defendant.

LINDLEY, District Judge.

Plaintiff sues to restrain the collector of internal revenue from collecting the so-called processing taxes imposed under section 9 of the Agricultural Adjustment Act, as amended (7 USCA § 609), upon the ground that the act is unconstitutional and involves improper delegation of legislative powers to the Secretary of Agriculture. Defendant moves to dismiss the bill because, he says, first, the acts of Congress forbid such suit; and, second, plaintiff has an adequate remedy at law.

Section 3224 of the Revised Statutes of the United States, 26 U. S. C. § 154 (26 USCA § 1543), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." Plaintiff seeks to avoid the bar created by this statute on two grounds: First, that the so-called tax is not in law a tax at all, but an exaction of money from one class of persons, for the benefit, not of the government, but of another class of persons—producers; and, second, that the circumstances are so unusual, special, and extraordinary, that, even if the act be proper taxing legislation, the court has power to issue an injunction.

Pertinent upon the second ground is the decision in Miller v. Standard Nut Margarine Co., 284 U. S. 498, 52 S. Ct. 260, 263, 76 L. Ed. 422, where, after reviewing the facts inspiring the legislation complained of, the court said: "And this court likewise recognizes the rule that, in cases where complainant shows that in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector."

In an earlier case, Dows v. Chicago, 11 Wall. 108, 110, 20 L. Ed. 65, dealing with a state tax, governed by the same underlying principle, viz., prevention of interference with executive administration of governmental activities, the court commented thus: "No court of equity will, therefore, allow its injunction to issue to restrain their action, except where it may be necessary to protect the rights of the citizen whose property is taxed, and he has no adequate remedy by the ordinary processes of the law."

Plaintiff insists that its situation is within the category of the doctrine of exception indicated by the Supreme Court, because there is now pending in the Congress a bill, reported favorably by the Senate Committee, which, if enacted, will prevent suits to recover taxes illegally assessed. Thus, it is said, no adequate remedy at law will exist, and it is argued that though a sovereign government may take away a taxpayer's remedy of reimbursement for taxes illegally collected, it may not, in addition, deny him injunctive relief against the imposition of such taxes.

What is necessary to create an extraordinary situation, avoiding the prohibition of the statute, is not clearly defined in the decisions, but the argument presented is very persuasive when addressed to a chancellor, dealing with the equities of taxpayers and the government. I have the conviction that no beneficent government, especially one of representative form, depending upon the consent of the governed, will ever attempt to

justify morally or legally the financing of its obligations by funds collected from the governed without constitutional power. Such action would more nearly resemble arbitrary imposition and confiscation, without warrant of law. I do not conceive that any American representative elected by the people, whether legislative or executive in character, will ever attempt to justify such governmental principles.

Here we find that the bill has not yet become law; it may be that it will never be enacted. If the latter fact develop, proper provision for reimbursement will exist. On the other hand, if the bill become law, should not a court of equity interpose its hand to stay collection of an allegedly void tax until it can be definitely adjudicated whether the tax has been imposed without constitutional warrant? A court of equity cannot contemplate with complacency the immediate denial of any relief to one who may in case of such denial find himself wholly without remedy to recover unconstitutional impositions.

Unfortunately there can be no authoritative determination of the constitutional questions involved, until the Supreme Court shall have made its adjudication thereof. It is a matter of small moment what the lower courts may hold; the final decision lies with the Supreme Court. It is hardly consistent with equity to permit, during the interim awaiting final adjudication, collections of taxes, attacked for illegality without assurance of a remedy for reimbursement. Rather it seems that the court should protect both the sovereign government and the subject by preservation of the existing status until final adjudication. I have made it a condition to the temporary injunction issued that all taxes accruing from time to time shall be paid into court by the taxpayer and deposited subject to the order of the court. If it later be determined that the tax is proper, the government will receive all the same without deduction, expense, or delay, and without any impediment to its administrative functions. Thus, it seems to me, equity is done both parties with injury to neither.

Hence, the bill should not be dismissed prior to final hearing, or at least prior to determination of whether plaintiff is to be permitted to retain an adequate remedy at law.

I am impelled toward this conclusion, also, because of the further feature of the plaintiff's bill, viz., the averment that upon correct analysis, the assessments complained of do not possess the essential attributes of a tax, but rather amount to impositions of tribute and exaction of funds in pursuance thereof from one class of persons for the sole benefit of another class. Plaintiff's position is that such is not a tax within the meaning of the act forbidding restraint of collections of revenue; that the purpose of the statute was to prevent vexatious interference with collections of governmental revenue, and, therefore, does not forbid injunctions against such assessments as are here involved.

The soundness of this contention should not be decided upon a preliminary motion. Rather it goes to the essence of the case and should receive the mature consideration necessarily incident to a decision upon the merits.

It will be the order of the court, therefore, that the motion to dismiss be denied at this time, without prejudice, however, to defendant's right to raise all grounds relied upon therein in its defense upon the merits, or to renew the same hereafter should the circumstances so change as to make it obvious that the court should not longer entertain jurisdiction.