EXCELLENCE MANAGEMENT
AUDITS & REALTY CORP.,
et al., Plaintiff(s),

v.

UNITED STATES of America,
et al., Defendant(s).

Civil No. 10–1564 (DRD).

United States District Court,
D. Puerto Rico.

Sept. 22, 2011.

Evelyn Aimee de Jesus–Rodriguez, Evelyn A. de Jesus Rodriguez Law Office, Caguas, PR, for Plaintiff(s).

Agnes I. Cordero, United States Attorneys Office, Vanessa D. Bonano–Rodri-

guez, Department of Justice, Luis F. Colon, Luis F. Colon, Colon Gonzalez Law Office, San Juan, PR, for Defendant(s).

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before this Court is a *Motion to Dismiss* and memorandum in support, filed by the United States of America,[1] Docket entries No. 20 and 21. The United States specifically moves the Court to dismiss the present case due to: (a) lack of jurisdiction; (b) lack of personal jurisdiction, and (c) the *Amended Complaint* fails to state a claim upon which relief can be granted. As of this date, the dismissal request stands unopposed. For the reasons set forth bellow, the *Motion to Dismiss* is granted, and consequently, the complaint as to the United States is to be dismissed with prejudice.

However, the Court as explained below has other jurisdictional grounds to dismiss the instant case for lack of jurisdiction of constitutional dimensions, which also warrant the federal court not entering into a controversy involving the state tax system.

## Factual Background

On June 21, 2010, plaintiff Excellence Management, Audits & Realty Corp. (hereinafter "EMARCO"), in its capacity of managing agent for VDJ Limited Partnership, S.E., who owns the housing project known as V & B Apartments, filed a *Complaint* against the United States, which was later amended, *see* Docket No. 5, ¶ 8. Plaintiff also included co-defendants Hon. Luis Fortuño Burset; the Commonwealth of Puerto Rico; Hon. Yessef Cordero, in his capacity as Secretary of the

Puerto Rico Department of Housing; the Municipal Collections Center, collecting Municipal property taxes (hereinafter "CRIM"), Hon. Sol Luis Fontánez, in his capacity as Mayor for the Municipality of Barceloneta. *See* Docket No. 1. However, on December 10, 2010, an *Amended Complaint* was filed adding co-defendants Commonwealth of Puerto Rico Department of Justice and Hon. Guillermo Somoza Colombani, in his capacity as Secretary of Justice; the Puerto Rico Public Authority and Hon. Miguel Hernández Vivoni in his capacity as Secretary of Housing (collectively "state defendants"). *See* Docket No. 5. All of these co-defendants are also dismissed under the Eleventh Amendment enjoyed by a State, the arms of the State, as well as officers in their official capacity and in their individual capacity, as briefly explained *infra.*

In the *Amended Complaint* plaintiff states that EMARCO serves as the managing agent for VDJ Limited Partnership, S.E., who owns V & B Apartments, a social welfare housing project that is allegedly exempt from paying property taxes. *See* Docket No. 5 ¶¶ 8, 10 and 13–14. EMARCO further argues that, notwithstanding the Puerto Rico tax exemption, V & B Apartments has received invoices for property taxes, late fees and interest from the CRIM. *See* Docket No. 5 ¶ 13. EMARCO further alleges that in order to clarify this matter, the CRIM requires a certification from the Puerto Rico Housing Administration stating that the V & B Apartments is a public welfare housing project, hence, eligible for an exemption to pay municipal property taxes.[2] EMARCO moves the Court to issue a declaratory judgement declaring that V & B Apartments are a public welfare project exempted from pay-

---

1. The United States of America made an appearance on behalf of the United States Department of Agriculture and Rural Development Administration (hereinafter the "United States").

2. Although the *Amended Complaint* is devoid of any legal citations and references, the Unit-

ing property taxes. *See* Docket No. 5.[3] In essence, the issue constitutes a breach of contract asking the federal court to stop the collection of municipal property taxes established by state law.

On February 16, 2011, the United States filed a *Motion to Dismiss* and memorandum in support, requesting the dismissal of the *Amended Complaint*, on the following grounds: (a) lack of subject matter jurisdiction; (b) lack of personal jurisdiction; (c) failure to state a claim upon which relief can be granted against the United States, as there is no applicable waiver of sovereign immunity. *See generally*, Docket entries No. 20 and 21.

The United States set forth in its memorandum the applicable law, both federal and state law, as well as the procedure to be followed, as provided in 7 C.F.R. §§ 3560.102 and 3560.105. In a nutshell, plaintiff has failed to follow the applicable administrative procedure established by the federal agency to obtain the required certification, which in turn is to be provided to the Puerto Rico Housing Administration for the issuance of the necessary certification to proceed with the process to claim an exemption with the CRIM. Therefore, the United States is also challenging that plaintiff blatantly failed to exhaust administrative remedies that potentially provides plaintiff the requested remedy of

exemption to pay the Municipal property taxes.

The United States provided an official document stating that "Rural Development hereby also certifies that it has searched it case files, and no evidence has been found showing that the borrower or its management agent has requested this certification letter to our Agency in the past." *See* Docket No. 21, page 5. Hence, the *Amended Complaint*, Docket No. 5, fails to state a cause of action due to lack of exhaustion of administrative remedies against the United States setting forth any obligation to the plaintiff and/or breach any contract between the parties. Hence, the *Amended Complaint* shall also be dismissed for failure to state a claim for which a relief can be granted against the United States. *See* Docket No. 21, pages 7–10. As stated above, the motion to dismiss stands unopposed. The Court agrees with the United States' request to dismiss and briefly explains.

### Applicable Law and Discussion

### The Dismissal Standards When Requested Under Several Procedural Rules

A. **Rules 12(b)(1) and 12(b)(6): why they are addressed together.**

When the Court is presented with a motion to dismiss for lack of subject mat-

---

ed States has provided the Court with the applicable legal references. 21 L.P.R.A. 5151(u), provides that:

> Properties built or under construction by the effective date of this act, and which are devoted to the rental housing market under § 515 or § 521, Plan II, of the Federal Rural Housing Act of 1949, as amended, Public Law 81–171, pursuant to the following norms:
> (1) ...
> (2) ...
> (3) ...
> (4) **the Secretary of Housing of the Commonwealth shall issue a certification as to the social interest of the housing under**

**Program 515 or 521 of the Farmer's Home Administration once he/she receives documentation to that effect from the federal agency.** The Collection Center [CRIM] shall issue the corresponding tax exemption in keeping with this certification. (Emphasis ours).

> Although the law provides for an exemption to the municipal property taxes, the law constitutes part of the state law tax system established under state law.

3. The Court notes that there are no allegations against the United States in the *Amended Complaint*, Docket No. 5.

ter jurisdiction under Rule12(b)(1) of the Federal Rules of Civil Procedure, ("Fed. R.Civ.P."), and a motion to dismiss under Fed.R.Civ.P. 12(b)(6), failure to state a claim upon which relief can be granted, the Court should address the jurisdictional matter prior to determining whether the complaint of that case "states a cause of action on which relief could be granted." *Sanchez v. United States,* 707 F.Supp.2d 216, 225 (D.P.R.2010), *citing Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946). "After all, if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest." *Deniz v. Municipality of Guaynabo,* 285 F.3d 142, 150 (1st Cir.2002).

Additionally, in order to rule upon a motion to dismiss under Fed.R.Civ.P. 12(b)(1), the court must apply the same standard applicable to motions under Fed. R.Civ.P. 12(b)(6). *Sanchez,* 707 F.Supp.2d at 225; *see also Negron–Gaztambide v. Hernandez–Torres,* 35 F.3d 25, 27 (1st Cir. 1994); *Caraballo–Melia v. Suarez–Dominguez,* Civ. 08–2205, 2010 WL 830958 at *1 (D.P.R. March 4, 2010).

Fed.R.Civ.P. 8(a) requires plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under *Bell Atlantic v. Twombly,* a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, a plaintiff must under current United States procedural law present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Fed.R.Civ.P. 8(a). *Id.* at 570, 127 S.Ct. 1955; *see, e.g. Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, and *Iqbal,* 556 U.S. 662, 129 S.Ct. 1937. First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factual threadbare recitals stating the elements of a cause of action. *Maldonado v. Fontanes,* 568 F.3d 263, 268 (1st Cir.2009) (quoting *Iqbal,* 556 U.S. 662, 129 S.Ct. 1937) (internal quotation omitted). Second, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint must "stat[e] a plausible claim for relief." *Id.* This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate. *Id.* Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a **plausible entitlement to relief**." *Sanchez v. Pereira–Castillo,* 590 F.3d 31, 41 (1st Cir.2009). (Emphasis ours). The Court interprets that "context specific" means that plaintiff must provide sufficient facts adorning the elements of the complaint, *see Iqbal,* dismissing the complaint, because plaintiff failed to provide facts relating to the elements of a *Bivens* claim. *See Iqbal,* 129 S.Ct. at 1949–1950.

In the instant case, the United States alleges that the Court lacks personal jurisdiction over the United States on several grounds: (a) failure to effect proper service upon the United States; (b) the United States has not waived its sovereignty, as the United States has not con-

sented to be sued; and (c) the complaint fails to state a claim upon which a relief can be granted against the United States.

The United States argues that in order for service of process be perfected, plaintiff had to serve process upon the federal agency or its officer; the Attorney General of the United States, and the United States Attorney for the district in which the action is filed. Fed.R.Civ.P. 4(i). In the instant case, the record clearly shows that the service of process was not perfected, as plaintiff only served process upon the United States Attorney for the district in which the action was filed. In sum, plaintiff failed to serve process upon the Attorney General of the United States, and upon the federal agency.

The United States further correctly alleges that, as a sovereign, it has not waived its immunity, as the United States has not consented to be sued. Hence, plaintiff lacks a cause of action against the United States.

▮ Lastly, the United States alleges that the plaintiff failed to state a claim against the United States which justifies a remedy, pursuant to Fed.R.Civ.P. 12(b)(6). After a careful review of the *Amended Complaint*, Docket No. 5, the Court finds that the allegations set forth in the *Amended Complaint* clearly shows that: (a) the *Amended Complaint* fails to meet the test set forth in *Twombly* and *Iqbal*, as none of the allegations of the *Amended Complaint* is "context specific" as to a claim and relief requested against the United States, that is, there is a lack of facts adorning the elements of any cause of action as to the United States; (b) the *Amended Complaint* fails to comply with the test of plausibility, since the remedy

requested, that is, the issuance of a declaratory judgment, is specifically directed to the state defendants;[4] (c) there is no remedy requested as to the United States. Hence, the dismissal of the *Amended Complaint*, Docket No. 5, is warranted.

## B. Rule 12(b)(2): Lack of Personal Jurisdiction v. Waiver of Sovereign Immunity.

▮ "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Villanueva v. U.S.*, 740 F.Supp.2d 322, 323 (D.P.R.2010) *citing Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). "Sovereign immunity is jurisdictional in nature [...] [and] the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Fed. Deposit Ins. Corp.*, 510 U.S. at 475, 114 S.Ct. 996, *citing United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

In the instant case, the United States has not yet answered the *Amended Complaint*. The record further shows that the *Motion to Dismiss* and the memorandum in support, Docket entries No. 20 and 21, now before the Court were filed with the provision that the United States has not consented to be sued. The United States has not waived its sovereign immunity by affirmative conduct in this litigation. *See generally Maysonet–Robles v. Cabrero*, 323 F.3d 43, 52 (1st Cir.2003) (finding that the sovereign did not waive its immunity, as no answer to complaint, counterclaims or third party complaints were filed). The plaintiff has not affirmatively shown the Court that the United States has consent-

---

4. As stated before, the Commonwealth of Puerto Rico, the agencies that are the arms of the State, and the individuals in their official capacity are exempt under the Eleventh Amendment, *see infra*.

ed by law or through other action to be sued in this type of lawsuit.

Hence, there is lack of substantive jurisdiction as the United States has not consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The United States immunity is strictly construed in favor of the sovereign, *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992) (the sovereign immunity of the United States is not "liberally construed"). Hence, since the United States has not waived its immunity, which immunity includes the Attorney General in his official capacity, there is no cause of action against the United States.

## C. Proper Service Pursuant to Rule 4(i).

The United States further alleges that the Court does not have *in personam* jurisdiction, as plaintiff failed to properly serve defendants, United States Department of Agriculture, the Rural Development Administration, and the United States Attorney General. According to Fed.R.Civ.P. 4(i)(2), in order to obtain jurisdiction over an officer or agency of the United States, the plaintiff must serve: (a) the officer or agency; (b) the Attorney General of the United States, and also send a copy of the summons and the complaint by registered or certified mail to the agency or officer. Fed.R.Civ.P. 4(i)(2). Hence, the two United States' agencies stated are dismissed without prejudice as well, as the Attorney General of the United States has not been served with service of process and copy of the complaint.

Furthermore, in order to serve the United States, a party must: (1) deliver a copy of the summons, and the complaint to the United States Attorney of the district where the action is brought, or to an assistant or clerical employee whom the United States Attorney designates; or (2) send a copy of each by registered or certified mail to the civil process clerk at the United States Attorney's office. Fed.R.Civ.P. 4(i)(1)(A). The plaintiff must also send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. and if the action challenges an order of a nonparty agency or officer of the United States, the plaintiff must send a copy of each by registered or certified mail to the agency or officer. Fed.R.Civ.P. 4(i)(1)(B) and (C).

The record shows that the plaintiff has not served the federal agency, that is, the United States Department of Agriculture, the Rural Development Administration and the Attorney General of the United States. The *Amended Complaint* was filed on December 10, 2010, and the 120 days allowed for service of process pursuant to Fed.R.Civ.P. 4(m) elapsed in April 2011. Given the fact that, as of this date, plaintiff has failed to timely perfect service of process upon the United States, the Court has no alternative but to dismiss without prejudice the instant action for lack of personal jurisdiction over the United States. *See* Fed. R.Civ.P. 4(i).

## A Final Note

The Court notes that, as of this date, plaintiff has failed to reply and/or oppose the United States' dismissal request. Moreover, the Court finds that plaintiff utterly has failed to exhaust the administrative remedies, which may grant the remedy requested at state level in order to obtain the certification required by the Puerto Rico law from the federal agency, in order to obtain the tax exemption applicable to the V & B Apartments under Puerto Rico law. *See Motion In Compliance* filed by plaintiff on August 26, 2011, Docket No. 33. Since the plaintiff has failed to exhaust the administrative remedy, all claims must be dismissed also

as to all the parties due to lack of exhaustion of the administrative claim ("no one is entitled to judicial relief for a supposed or threatened inquiry until the prescribed administrative remedy has been exhausted"), *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 82 L.Ed. 638 (1938); *McKart v. United States,* 395 U.S. 185, 193, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), citing 3 K. Davis, *Administrative Law Treatise* § 20.01 *et seq.* (1958 ed., 1965 Supp.).

■ Aside from the fact that the United States nor the two federal agencies have not been served, the Court finds that there is no waiver by the United States' sovereignty to be sued, and further that there is a lack of exhaustion of administrative actions, which bar the Court from acting. Moreover, and most critical, the federal court lacks jurisdiction to entertain a challenge to any state tax system under § 1983 due to the constitutional judicial self restraint doctrine of comity. *Fair Assessment in Real Estate Association, Inc., et al. v. McNary, et al.,* 454 U.S. 100, 102–103, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981), citing *Dows v. Chicago,* 78 U.S. 108, 11 Wall. 108, 20 L.Ed. 65 (1870).

In *Fair Assessment in Real Estate,* 454 U.S. at 102–103, 102 S.Ct. 177, the Supreme Court acknowledged the sensitivity nature as well as the importance of the state tax systems, "and the need for federal court restraint when deciding cases that affect such systems." *Id.* at 102, 102 S.Ct. 177, citing *Dows v. Chicago,* 11 Wall. 108, 110, 20 L.Ed. 65 (1871), prior to the enacting of § 1983. After the Supreme Court concluded that the federal court "*may* enjoin state officers from enforcing an unconstitutional law, *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), Congress also recognized that the autonomy and fiscal stability of the States survive best when state tax systems are not subject to scrutiny in federal courts." In *Fair*

*Assessment, supra,* the Court made reference to the enactment of 28 U.S.C. § 1341 in 1937: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.

It is obvious that there is an administrative remedy at state level for plaintiff to seek exemption from paying the challenged tax at which impedes any federal challenge. Hence, the federal court is not only not authorized due to the constitutional federal comity abstention doctrine to enter into the state tax controversy, but also by explicit mandate of federal legislation.

The Commonwealth of Puerto Rico also enjoys the same absolute immunity under the Eleventh Amendment. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993). The arms of the state, the agencies, as well as, the state officials in their individual capacity, also have absolute immunity under the Eleventh Amendment.

The Court finds that the instant complaint is legally frivolous under Fed. R.Civ.P. 12(b)(6); the Federal Housing Act of 1949, as amended, as well as the applicable provisions of the Code of Federal Regulations cited above, as plaintiff does not have a cause of action under federal law against the United States. The Court lacks jurisdiction under the comity abstention self restraint doctrines, and also pursuant to a federal law all of which bar the Court from entering into a challenge to the applicability of a state tax matter even under a § 1983 civil rights claim.

Finally, a review of the United States' motion to dismiss clearly shows that plaintiff failed to perform any due diligence before filing the instant complaint. *See Neitzke v. Williams,* 490 U.S. 319–327–328,

109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (in a *forma pauperis* proceeding, pursuant to the provisions of 28 U.S.C. § 1915(d) and Fed.R.Civ.P. 11, "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"). *See also R.A. Street v. Fair,* 918 F.2d 269, 272–273 (1st Cir.1990), citing *Neitzke, supra,* ("A frivolous complaint, . . ., is one that 'lacks an arguable basis either in law or in fact,' one that contains either 'inarguable' legal conclusions or 'fanciful' factual allegations"). The Court shall, notwithstanding, hold its hand at this time. Plaintiff and counsel are duly forewarned.

### Conclusion

For the reasons stated above, the *Motion to Dismiss,* Docket entries No. 20 and 21, filed by the United States of America, is granted. This case is now dismissed without prejudice. Judgment will be entered accordingly.

IT IS SO ORDERED.