# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2024

Lyle W. Cayce
Clerk

———————————

No. 23-30690

———————————

CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE DEPARTMENT OF FINANCE; LINDA HUNT, *Director, City of Baton Rouge/Parish of East Baton Rouge Department of Finance*,

*Plaintiffs—Appellees,*

*versus*

CENTROPLEX CENTRE CONVENTION HOTEL, L.L.C.,

*Defendant—Appellant,*

CONSOLIDATED WITH

———————————

No. 23-30696

———————————

CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE DEPARTMENT OF FINANCE; LINDA HUNT, *Director, City of Baton Rouge/Parish of East Baton Rouge Department of Finance*,

*Plaintiffs—Appellees,*

*versus*

PNK (BATON ROUGE) PARTNERSHIP; PNK DEVELOPMENT 8, L.L.C.; PNK DEVELOPMENT 9, L.L.C.,

*Defendants—Appellants.*

---

Appeals from the United States District Court
for the Middle District of Louisiana
USDC Nos. 3:22-CV-94, 3:22-CV-93

---

Before CLEMENT, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:

PNK (Baton Rouge) Partnership, PNK Development 8 LLC, and PNK Development 9 LLC (together, "PNK"), own and operate the L'Auberge Casino and Hotel in Baton Rouge, Louisiana. Centroplex Centre Convention Hotel, LLC ("Centroplex") also owns and operates a hotel and casino in Baton Rouge called the Belle of Baton Rouge. PNK and Centroplex (together, "Owners") incentivize their gambling patrons to return frequently by offering them rewards, sometimes in the form of complimentary hotel stays. The City of Baton Rouge/Parish of East Baton Rouge Department of Finance and Linda Hunt (in her official capacity as director of the department) (together, the "City") conducted an audit and learned that the Owners never remitted state and local taxes associated with these complimentary hotel stays for a period of years. The City says that the Owners needed to pay these taxes, while the Owners put forth myriad arguments why they didn't. The City filed suit in state court, then the Owners removed it to federal court on diversity jurisdiction, which undisputedly exists. But the City filed a Motion to Remand anyway, arguing that the tax abstention doctrine ("TAD"), as put forth in *Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010), warranted abstention here.

The District Court agreed, and doing so was not an abuse of discretion. All five TAD factors counsel in favor of abstention here: (1) Louisiana enjoys wide regulatory latitude over its taxation structure; (2) the Owners' express invocation of their due process rights under the Louisiana Constitution does not invoke heightened federal court scrutiny; (3) the

Owners may seek an improved competitive position in the federal court system; (4) Louisiana courts are more familiar with Louisiana's tax regime and the legislature's intent in crafting it; and (5) the Tax Injunction Act constrains the remedies available in federal court. We therefore AFFIRM.

## I. Background

The Owners operate full service casinos attached to full service hotels, and casino patrons often stay at the attached hotel. The Owners incentivize their casino patrons to continue gaming at their establishments by rewarding them with points, credits, offers, and complimentary goods and services, including the complimentary stays at the Owners' hotels out of which this dispute arises. The single sales and occupancy tax collector for all taxes levied by the local taxing authorities within the City conducted an audit for taxes owed from January 1, 2016 to February 28, 2021. That audit revealed that the Owners neither charged nor collected city sales and occupancy taxes connected with their furnishing complimentary hotel rooms through their rewards programs for that period.

The City filed suit against both Owners in two separate suits in Louisiana state court, alleging that the Owners were "dealers" who, in failing to properly charge and collect local sales and occupancy taxes, became liable for those taxes themselves. *See* La. Stat. Ann. § 47:337.17.C. The Owners denied owing any taxes on complimentary hotel rooms and claimed that the City violated their procedural due process rights by failing to notify them of the amount of taxes allegedly due and not affording them an opportunity to "administratively challenge" the amount or otherwise "proceed before the Louisiana Board of Tax Appeals" before filing suit. The Owners removed their respective suits to federal court under diversity jurisdiction, and no one disputes that the requirements for diversity jurisdiction are met. So, the City filed a Motion to Remand on a different

basis: that the TAD weighed in favor of this tax dispute being litigated in Louisiana state court.[1] The District Court agreed, so the Owners appealed in this consolidated case.

## II. Standard of Review

"This Court reviews an abstention ruling for abuse of discretion, but it reviews *de novo* whether the requirements of a particular abstention doctrine are satisfied. Because the exercise of discretion must fit within the specific limits prescribed by the particular abstention doctrine invoked, a court necessarily abuses its discretion when it abstains outside of the doctrine's strictures." *Elec. Reliability Council of Tex., Inc. v. Just Energy Tex., L.P.*, 57 F.4th 241, 247 (5th Cir. 2023) (cleaned up). And, in removal actions like here, "[t]he removal statute is . . . strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007) (citing *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## III. Discussion

### A. The District Court Invoked the TAD within *Levin*'s Bounds

Abstention often implicates questions of comity. Generally, comity concerns "a proper respect for state functions" and is a "continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways." *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 112

---

[1] The District Court found, and the parties do not contest, that the Tax Injunction Act, 28 U.S.C. § 1341 ("TIA"), does not provide a bar to jurisdiction here. This is correct because this is not a suit to *stop* the collection of taxes, which would be barred by the TIA, but rather a suit by a tax collector to *collect* taxes. *See, e.g.*, *Louisiana Land & Expl. Co. v. Pilot Petroleum Corp.*, 900 F.2d 816, 818 (5th Cir. 1990) ("The [TIA] does not bar federal court jurisdiction [of] [a] suit . . . to collect a state tax.").

(1981) (quoting *Younger v. Harris*, 401 U.S. 37, 44 (1971)). Examining comity vis-à-vis state taxation, the Supreme Court held: "More embracive than the TIA, the comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration." *Levin*, 560 U.S. at 417. Because states "chiefly rely" on "taxation . . . to carry on their respective governments," courts should interfere with it "as little as possible." *Id.* at 421–22 (quoting *Dows v. City of Chicago*, 78 U.S. 108, 110 (1870)). And courts look to *Levin* when faced with whether they should abstain from state taxation disputes. *See, e.g.*, *Normand v. Cox Commc'ns, LLC*, 848 F. Supp. 2d 619, 623–27 (E.D. La. 2012) (discussing and applying *Levin* factors when abstaining from a similar Louisiana state taxation matter).

The Owners argue that *Levin* does not apply, submitting that *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706 (1996) controls. The Owners claim this is the case because, in their view, "[t]here is no request for discretionary or injunctive relief in this case, which the Supreme Court [in *Quackenbush*] has held is a necessary precondition for the application of any abstention doctrine arising from principles of comity and federalism." This is wrong for two reasons.

*First*, the Owners fail to read *Quackenbush* in a post-*Levin* context, as *Levin* was handed down nearly fourteen years afterward. Applying that context makes clear that the Owners read *Quackenbush* overbroadly. The *Quackenbush* court was discussing *Younger* and *Burford* abstention when it held that "federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Quackenbush*, 517 U.S. at 731. In contrast, *Levin* discusses the TAD comity analysis to be performed by federal courts. 560 U.S. at 430–32.

5

*Second*, and more importantly, *even Quackenbush* notes that remand based on comity principles is available in declaratory actions concerning state taxation (like those at issue here). As the Supreme Court explained, "federal courts have the power to refrain from hearing . . . cases whose resolution by a federal court might unnecessarily interfere with a state system for the collection of taxes," and this abstention doctrine "require[s] federal courts to decline to exercise jurisdiction over certain classes of declaratory judgments." *Quackenbush*, 517 U.S. at 716–17 (citing *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 297 (1943), for the proposition that a "federal court must abstain from hearing [a] declaratory judgment action challenging constitutionality of a state tax"). Simply put, the very case that the Owners claim forbids the consideration of abstention doctrines here says the opposite.

Because *Levin* applies, we consider the factors it laid out when deciding whether the District Court invoked the TAD within its bounds: (1) whether plaintiff seeks review regarding matters over which the state enjoys wide regulatory latitude; (2) whether the claimed constitutional violation requires heightened judicial scrutiny; (3) whether the plaintiff seeks aid in federal court to improve its competitive position; (4) whether the state court is more familiar with legislative preferences; and (5) whether the federal court's remedial options are constrained. 560 U.S. at 430–32; *see also Normand*, 848 F. Supp. 2d at 625.

*1. Louisiana enjoys wide regulatory latitude over its taxation regime.*

The Owners ask the federal courts to decide whether certain Louisiana sales and occupancy taxes apply to their complimentary hotel rooms. But "[t]he Supreme Court has recognized in *Levin* and numerous other cases that states enjoy wide regulatory latitude over the administration of their tax systems." *Coors Brewing Co. v. Mendez-Torres*, 678 F.3d 15, 24 (1st

Cir. 2012) (citing *Levin*, 560 U.S. at 422 n.2). Indeed, as the Seventh Circuit observed, the "principal concern of *Levin*" is the risk of federal court interference impacting local governments' fiscal affairs, *City of Fishers v. DIRECTV*, 5 F.4th 750, 775 (7th Cir. 2021), and attempting to have a federal court evaluate this tax dispute necessarily impacts the City's fiscal affairs. This factor therefore weighs in favor of abstention.

*2. The Owners' express invocation of their Louisiana state due process rights does not invoke heightened federal court scrutiny.*

Both Owners expressly invoke their *state* due process rights in their responsive pleadings, so there is little doubt that a Louisiana state court would be adept at analyzing their Louisiana state constitutional claims. **ROA.68, 72.** Similarly, there is little doubt that nothing would be added to the analysis were it conducted in federal court because Louisiana's due process guarantee "does not vary from the Due Process Clause of the Fourteenth Amendment to the United States Constitution," *Progressive Security Insurance Co. v. Foster*, 711 So. 2d 675, 688 (La. 1998), and thus no higher scrutiny would be needed, *see Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (holding that federal procedural due process claims are subject to a balancing test, not heightened scrutiny). Because the claimed constitutional violation "does not involve any fundamental right or classification that attracts heightened judicial scrutiny," *Levin*, 560 U.S. at 431, this factor weighs in favor of abstention.

*3. The Owners may seek an improved competitive position in the federal court system.*

The Owners, through removal, may well be seeking to avoid being impacted by the reasoning in *Jazz Casino Co. v. Bridges*, 309 So. 3d 741 (La. Ct. App. 2020). In that case, Harrah's Casino (one of the Owners' competitors) was made to pay "all taxes levied by [Louisiana] and [New Orleans] on the furnishing of sleeping rooms," including complimentary and

discounted rooms. *Id.* at 748. But *Jazz Casino* is not entirely on point because, despite presenting a similar fact pattern and reaching a result the Owners wish to avoid, even the City concedes that *Jazz Casino* concerns a slightly different Louisiana state occupancy tax statute than the one here. *See id.* at 745–46. That said, the Owners may still wish to avoid the Louisiana state court system altogether in the hope that the District Court would reach a different conclusion than the *Jazz Casino* court on the merits.

We tend to agree with the District Court that this factor may slightly weigh in favor of abstention because the reasoning and analogous facts presented in *Jazz Casino* cut against the Owners. But it is not entirely clear that the federal court would present a competitive advantage to the Owners given that *Jazz Casino* concerned a slightly different statute. So, this factor moderately favors abstention.

*4. Louisiana courts are more familiar with Louisiana's tax regime and its legislature's intent in crafting it.*

There is little doubt that Louisiana's state courts are "more familiar with Louisiana's tax laws and the intent of its legislature in crafting them." *Normand*, 848 F. Supp. 2d at 625. Indeed, no less than six cases percolating through Louisiana's court system concern the taxes at issue here, at least one of which has now gone to trial on the merits. This factor weighs in favor of abstention.

*5. The TIA constrains the remedial options available in federal court.*

Finally, given the Owners' procedural due process claims, the TIA would "stand[] in the way of any [federal] decree that would 'enjoin collection of [the] tax under [Louisiana] State law.'" *Levin*, 560 U.S. at 429

(quoting 28 U.S.C. § 1341).[2] So, "a [Louisiana] state court [would have] greater latitude to act should it find constitutional infirmity in the procedural provisions of the tax code." *Normand*, 848 F. Supp. 2d at 625. The Owners argue that they do not wish to "enjoin" the City's tax collection efforts but simply "defeat" them. But this is a distinction without difference: the TIA also uses the words "suspend" and "restrain," 28 U.S.C. § 1341, and "bars federal jurisdiction" where, as here, the litigation threatens to "stop the collection of Louisiana [taxes]" and state law provides an adequate remedy. *Halstead Bead, Inc. v. Richards*, No. 22-30373, 2023 WL 4399238, at *1 (5th Cir. July 7, 2023). This factor weighs in favor of abstention.

### B. The District Court Invoked the TAD Within Its Discretion.

The dispute in question—a state taxation dispute removed to federal court—is exactly the sort of situation to which the TAD can apply. And each *Levin* factor can be properly applied to this situation and those like it, such as in *Normand*, which concerned a similar *Levin* analysis involving a Louisiana state taxation dispute that was removed to federal court. 848 F. Supp. 2d 619. So, the District Court invoked the TAD within "the doctrine's strictures." *Elec. Reliability Council of Tex.*, 57 F.4th at 247. And its choice to invoke the TAD was within its discretion.

All five factors weigh in favor of abstention here: (1) Louisiana enjoys wide regulatory latitude over its taxation structure; (2) the Owners' express invocation of their Louisiana state due process rights does not invoke heightened federal court scrutiny; (3) the Owners may seek an improved competitive position in the federal court system; (4) Louisiana courts are undoubtedly more familiar with Louisiana's tax regime and its legislature's

_____

[2] To be clear, the TIA does *not* bar federal jurisdiction here for the reasons discussed in footnote one, *supra*, it just constrains the available remedies.

intent in crafting it; and (5) the TIA constrains the remedial options available in federal court. Plus, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281–82. The District Court's decision to abstain was within its discretion.

We AFFIRM.